<hr />

BROWN, *Plaintiff in Error*, v. GIBSON.

**Deed, Description in.** Each part of the descriptive language in a deed is to be construed with relation to the other parts, and no inflexible rule of interpretation will be allowed to defeat its clear meaning.

*Error to Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

*C. O. Tichenor* for plaintiff in error.

In case of doubt as to the quantity conveyed by a deed, words of doubtful import are to be construed most favorably to the grantee. *Winslow v. Fatten*, 34 Me. 25; *Clemens v. Runnells*, 34 Mo. 584; *Nelson v. Brodback*, 44 Mo. 596. The rule is, that a line simply from one point to another, must be straight and must run in the shortest and most direct way. Washburn on Real Prop., § 43, side p. 632. What are the boundaries is a matter of law; (*Whit-*

*tesey v. Kellogg,* 28 Mo. 404;) and a surveyor cannot testify to the legal interpretation to be given a survey. *Ormsby v. Ihson,* 10 Casey 462 ; *Blumenthal v. Roll,* 24 Mo. 113. The deed must give a sufficient description, and parol evidence cannot control it. *Orr v. How,* 55 Mo. 329 ; *Means v. La Vergne,* 50 Mo. 343 ; *King v. Fink,* 57 Mo. 209.

*P. S. Brown pro se.*

1. Where the statute prescribes the form of a tax deed the form becomes substance, and must be strictly pursued, or the deed will be void. *Grimm v. O' Connell,* 54 Cal. 522 ; *Lain v. Cook,* 15 Wis. 446 ; *Wakely v. Mohr,* 18 Wis. 321 ; *Williams v. McLanahan,* 67 Mo. 499 ; *Dunlap v. Henry,* 76 Mo. 106 ; *Larkin v. Wilson,* 28 Kas. 513 ; *Pack v. Crawford,* 29 Ark. 489 ; *Harrington v. City of Worcester,* 6 Allen 576 ; *Hubbard v. Johnson,* 9 Kas. 632. 2. Objections to a deed on the ground of being void where trial court's attention is thereby called directly to face of deed, is sufficient, without specifically pointing out each reason. *Larkin v. Wilson,* 28 Kas. 514 ; *McLaurine v. Monro,* 30 Mo. 462. 3. The three years' limitation provided in section 66 of said article 6, Laws of 1875, page 239, does not apply to a deed void on its face. *Watterson v. Devoe,* 18 Kas. 223 ; *Sheehy v. Hinds,* 27 Minn. 259 ; *McGavock v. Pollock,* 13 Neb. 535.

*C. A. Kenyon* and *J. W. Snyder* for defendant in error.

1. All the descriptive parts of a deed are to be construed together, especially when so related as here. 4 Greenl. Cruise, 338 and note ; *Thatcher v. Howland,* 2 Metc. 42 ; *Bosworth v. Sturtevant,* 2 Cush. 391 ; *Jamison v. Fopiano,* 48 Mo. 194 ; *Gibson v. Bogy,* 28 Mo. 478 ; *Evans v. Green,* 21 Mo. 170 ; *Krouenberger v. Hoffner,* 44 Mo. 185 ; *Bower v. Earl,* 18 Mich. 375 ; 2. The acts of the parties and the circumstances attending conveyance, and their subsequent conduct in reference thereto, may be resorted to to deter-

mine the location of a line to which the deed refers, when the description is ambiguous or uncertain. *Krouenberger v. Hoffner*, 44 Mo. 185 ; *Bower v. Earl*, 18 Mich. 367 ; *Jackson v. Vedder*, 2 Caines 210 ; *Schmitz v. Schmitz*, 19 Wis. 210; *Hall v. Davis*, 36 N. H. 573; *Foule v. Bigelow*, 10 Mass. 379 ; *Hoven v. Brown*, 7 Greenlf. 421 ; *Jackson v. Wood*, 13 John. 348 ; *Livingstone v. Ten Broek*, 16 John. 482 ; *Van Gorden v. Jackson*, 5 John. 14 ; *Safret v. Hartman*, 7 Jones (N. C.) L. 202.

HENRY, J.—Plaintiff sued in ejectment to recover the parcel of land embraced within the triangle def. of the following diagram :

The petition is in the usual form. The answer is a general denial. At the trial below there was judgment for defendant from which plaintiff has appealed.

The question for determination is, whether line df. or line de. is plaintiff's west line. Plaintiff's evidence consisted of a deed from Allen and wife to Margaret A. McNees for lot 87. A deed from Margaret McNees and her husband, dated April 5th, 1871, to James C. Medsker for a part of said lot 87, described as follows: " Commencing at the southeast corner of said lot and running thence on

the east line of said lot to the northeast corner of said lot, thence west on the north line of said lot forty feet, thence south to the south line of said lot, thence east to the place of beginning." Plaintiff proved title in himself through mesne conveyances by like description, as in said deed to Medsker, except that the words " on the north line of said lot" are omitted. He also proved actual possession of the property in dispute in himself and those under whom he claims from 1868 to March, 1880, the date of defendant's entry.

D. O. Flaherty, county surveyor, testified that east line of said lot, 87, fronting on Cherry street, is fifty-seven and twenty-six one-hundredths feet, the north line one hundred and forty-two feet, and south line one hundred and forty-eight and nine-twelfths feet, that the east line from southeast corner runs north with variation from due north of seventeen degrees west, north line from northeast corner runs south seventy-three degrees west, and the south line runs due east and west, that beginning at a point on north line of said lot forty feet westward from northeast corner, and running thence a line due south to south line of said lot strikes a point on said south line fifty-four and ninety-one one-hundredths feet west from the southeast corner of said lot, that the above diagram made by him from actual survey shows the ground in controversy, being thirteen and ten one-hundredths feet on the south line and comes to a point on north line. That defendant's east line fence extends along the east line of the ground in controversy, the southeast corner of her inclosure being forty-one and eighty-four one-hundredths feet west from southeast corner of said lot. That a survey of the property in accordance with the description in said deed to Medsker, includes the property in controversy.

The court gave the following declaration of law:

If the court finds from the evidence, that the south line of said lot 87, is a due east and west line; that the east line of said lot is not a due north and south line, but runs

to the west of such a line by a considerable variation; that the north line of said lot is not a due east and west line, but runs to the south of such a line by a like variation; that the east and north lines of said lot are at right angles to each other, then the west lines of the property described in the deed from McNees to Medsker, and in the deed of trust made by said Medsker should be taken to be a line with like variation and to be a line parallel to the east line of said lot 87, and they do not convey the triangle in question and, therefore, the finding must be for the defendant.

In the description of the land in McNees' deed to Medsker, the north line of lot 87 is treated as running east and west, while in fact it varied seventy-three degrees from a due east and west line. The last boundary line named in the description is one running east to the beginning. It is evident that the grantor and grantee both regarded the north line as running due east and west, and the south line as parallel to it. So run two of the lines in this view, and then exactly conform to the description in the deed in running the third line due south would do violence to the manifest intent of the grantors. The descriptive language of the deed is to be construed each part with relation to the other parts, and no inflexible rule of interpretation will be allowed to defeat its clear meaning. The east line from the southeast corner to the northeast corner varied seventeen degrees from a due north line. The north line from the northeast corner to the northwest corner varied seventy-three degrees from a due west line, although the call in the deed is for a line running west from the northeast corner, and yet when the plaintiff runs his south line he pays no regard to the variations of the other lines which he had observed, but runs a due north line, because the description in the deed called for a line running south.

We are all of opinion that the court below correctly construed the description in the deeds, in its declaration of law, and the judgment is affirmed.