Hoffman, Respondent, v. Riehl, Appellant.

1. Where there is a palpable omission in the description of a deed, it may be supplied by construction.
2. In the absence of calls for specific objects or other controlling calls, the course will control.

*Appeal from St. Louis Circuit Court.*

The following is the description contained in the deed of John Steiner to Mary Steiner: "The west half of the east half of the south-west quarter of section 14, township 44 north, range 6 east; and also a piece or parcel of land of the south-east side of the north-west fractional quarter of the same section, township and range—butted and bounded as follows: Beginning at a stake on the line between said section 14 and section 23, from where the corner of sections 15, 22, 23 and said section 14 making but one corner bears west 20 chains distance; thence south 40 chains to a stake; thence north 87 degrees west to the south-west corner of said fractional quarter; thence north two chains and sixty-two links to a stake; thence north 87 degrees east 30 chains to a stake,

from which a black-jack 12 inches in diameter bears north 48 degrees east, distance 40 links; thence south 42 chains to a stake on said line between said sections [?] to the beginning; and containing as aforesaid 50 acres, be the same more or less," &c.

The court, at the instance of the plaintiff, gave the following instruction to the jury: "1. If the jury find that it is impossible to survey the land intended to be surveyed by the deed of John to Mary Steiner so as to comply with the courses, distances and corners therein called for, then the call in the deed for the 'west half of the east half of the south-west quarter of section fourteen' operates to convey to said Mary the equal half of said west half of said quarter section, and the jury will disregard the other calls in the deed." The court refused the following among other instructions asked by the plaintiff: "2. In considering the deed from John Steiner to Mary Steiner, the jury are authorized to understand and construe it as if the word 'thence' were written between the words 'said sections' and the words 'to the beginning.' "

*H. N. Hart*, for appellant.

*Krum & Harding* and *Gibson*, for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

If the only description in the deed had been "the west half of the east half of the south-west quarter of section 14," under some circumstances it would be just and proper to determine the rights of the parties by an equal division of the land between them; but the deed under which the plaintiff claims calls for specific boundaries, courses, distances and corners, which must not be disregarded if they are intelligible and furnish the necessary data for the true location of the land.

The only controversy between the parties arises out of the manner in running the division line between them, and any confusion that may exist in regard to the starting point of the

survey is entirely immaterial to the decision of this case, because, no matter where the surveyors begin, they all agree that in running the north line, going east, they reach a stake in the north-east corner of the tract, " from which a black-jack, 12 inches in diamater, bears north 48 degrees east, distance 40 links." This corner is on the line that separates the land of the parties, and, being fixed beyond all dispute, the only question to decide is, how the line shall be run from this established point. The language of the deed is " thence south 42 chains to a stake on said line between said sections (14 and 23) to the beginning." The survey begins at some point, no matter where, on a line which is well ascertained between sections 14 and 23, and to close the survey this line must be reached. Now it is evident that the line must not be run from the black-jack corner to the place of beginning, because that would be a great departure from the course indicated in the deed, and quite a difference in the distance called for ; besides, the defendant does not insist on such a construction, and of course the plaintiff does not, for it would put him at once out of court. There is manifestly an omission, in the description, of the adverb " thence" after the word sections ; and the call should read " thence south 42 chains to a stake on said line between said sections ; and *thence* to the beginning ;" and the plaintiff is bound to consent to the insertion of this word or admit that he is in possession of a large portion of the defendant's land.

Inasmuch, then, as the starting point is well known, and the object to be reached is ascertained, and the course given, in our opinion the line should be run *south* to the section line, in obedience to the direction in the deed, making proper allowance for the variation of the magnetic needle from the true meridian. The length of this line called for in the deed is 42 chains, and the distance between the corner and the section line, on a due-south course, is 43 chains and 50 links, but the difference is trifling, and distance, being the most uncertain, must yield to the other controlling calls. The plaintiff, however, can not object to the discrepancy of dis-

tance, because the line run according to his theory is 43 chains 60 links, and departs a degree and a half from a due south course.

The other judges concurring, the judgment will be reversed and the cause remanded, to be tried in conformity to this opinion.