Deal v. Cooper.

DEAL v. COOPER, *Appellant.*

1. **Deed:** DESCRIPTION, SUPPLYING OMISSION IN BY CONSTRUCTION. When a deed, applied to the subject-matter, shows a manifest omission in the description, and there is sufficient data furnished by the deed to supply the omission, it will be supplied by construction.

2. **Practice:** ADMISSION OF EVIDENCE: REVERSAL OF JUDGMENT. Where a judgment is clearly for the right party on the face of a deed and a plat conceded to be correct, the erroneous admission of parol evidence as to what the grantor intended to convey will not operate to reverse it.

*Appeal from Dunklin Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*Smith, Silver & Brown* and *S. G. Kitchen & Son* for appellant.

(1) The court committed manifest error in admitting the depositions of plaintiff and others. This was a complete substitution of parol evidence for a conveyance of land by deed in writing. The evidence might have been competent on a bill in equity to reform the deed because of mistake, but was certainly not admissible in ejectment. *Jennings v. Brizeadine,* 44 Mo. 332. It was not a case of latent ambiguity explainable by extrinsic evidence. *Hardy v. Mathews,* 38 Mo. 123 ; *Jennings v. Brizeadine,* 44 Mo. 332. " A latent ambiguity is where you show that words apply equally to two different things or subject-matters, and then evidence is admissible to show which of them was the thing or subject-matter intended." 38 Mo. 124. A distinction is to be observed between the ambiguity of

language and its inaccuracy. 1 Greenl. Evid. [12 Ed.] sec. 299. (2) Where the lines of another tract are called for in the description in a deed as one of the boundaries of the land conveyed, the line must be run to such boundary regardless of the distance. *Whittlesey v. Kellogg*, 28 Mo. 404; *Bolton v. Laun*, 10 Tex. 96; *Northrup v. Sumney*, 27 Barb. 196. And this is true even if it be necessary to ascertain such line itself by course and distance. *Causler v. Fite*, 5 Jones [N. C.] 424. Applying the above rule to this case, the first call must go to the dividing line between the quarter sections regardless of the fact that the distance will exceed two hundred and fifty feet. It will be observed that the call says two hundred and fifty feet, more or less. (3) The court erred in admitting in evidence the order of sale of the Stoddard probate court. A subsequent deed is not admissible in evidence for the purpose of showing the boundaries of a tract previously conveyed. *Cutter v. Caruthers*, 48 Cal. 178.

*Geo. N. Boughton* and *J. J. Russell* for respondent.

(1) The appellant claimed title under respondent, so that it was not necessary to introduce further evidence of respondent's title. *Bank v. Harrison*, 39 Mo. 443; *Chouquette v. Barada*, 33 Mo. 249; *Fugate v. Pierce*, 49 Mo. 449. (2) The deed from H. J. Deal to James A. Cooper and Andrew F. Cooper contained a latent ambiguity. From aught that appears in the description it may be perfect. The ambiguity may be explained by oral or extrinsic evidence. *Jennings v. Brizeadine*, 44 Mo. 332; *Campbell v. Johnson*, 44 Mo. 250. (3) When words are used in the description that appear to be repugnant to the other parts of it, and to the general intention of the parties, they will be rejected. *Jamison v. Fopiano*, 48 Mo. 195; *Gibson v. Bogy*, 28 Mo. 478; *Brown v. Gibson*, 82 Mo. 529. Where there is a palpa-

ble omission in the description of a deed, it may be supplied by construction. *Hoffman v. Riehl*, 27 Mo. 554; *Burnett v. McCluey*, 78 Mo. 676. (4) None of the rules for ascertaining boundaries are inflexible. *Kronenberger v. Hoffner*, 44 Mo. 185; *McCune v. Hull*, 24 Mo. 570. All else must yield, in the description of land, to metes and bounds. *Orick v. Bower*, 29 Mo. 210; *Jamison v. Fopiano*, 48 Mo. 194. "Distances may be rejected, courses may be rejected, and sometimes even monuments, which, unless under unusual circumstances, are the best evidence attainable." *Kronenberger v. Hoffner*, 44 Mo. 194. (5) The words, "more or less," are not so elastic in law as to make a call of two hundred and fifty feet extend four hundred and ten beyond the stake named, in other words to make the line six hundred and sixty feet instead of two hundred and fifty feet. *McCune v. Hull*, 24 Mo. 574; *Williamson v. Hall*, 62 Mo. 405. The evidence of the probate records, showing that appellant, as administrator of James A. Cooper, sold four acres, is competent and material evidence to show his admission that the tract contained only four acres.

BLACK, J.—In 1873, the plaintiff, Henry J. Deal, conveyed to James A., and the defendant, Andrew F., Cooper, a parcel of land by the following description: "Commencing at a stake fifty feet south of the centre of the line of the Cairo, Arkansas & Texas Railroad, where said railroad crosses the section line between sections 22 and 23, on the west line of the northwest quarter of southwest quarter of said section 23; thence south two hundred and fifty feet, more or less, with the section line to a stake; thence east, with the line dividing the northwest quarter and the southwest quarter of the southwest quarter of said section 23, six hundred feet, more or less, to middle of northwest quarter of southwest quarter of said section 23 to a stake; thence north

to the south line of the right of way of said Cairo, Arkansas & Texas Railroad; thence in a southwesterly direction along the right-of-way line aforesaid, to the place of beginning, being in township 15, north of range 10, east." This deed on its face describes about four acres of land. The plaintiff then owned six acres to the south of these four acres, which were occupied by tenants. Subsequently, the defendant got possession of the ten acres and set up title thereto, under the above deed, and the plaintiff brought this action of ejectment for the six acres.

The first call in the deed, it will be seen, is from the railroad south two hundred and fifty feet, more or less, to a stake; and the second call is, thence east, with the line dividing the northwest quarter and southwest quarter of southwest quarter of said section, etc. When we apply the description to the land it is shown that the first call of two hundred and fifty feet does not go to the dividing line between the two forty-acre tracts by four hundred and ten feet, which four hundred and ten feet is the west line to the six acres; but, because the second call is east "with" the dividing line, the defendant's claim is, that the first call must go to it. The call for the stake is a call for a monument, and there is no pretense that this stake was planted in the dividing line between the two forties, or at any other place than just two hundred and fifty feet south of the railroad. It is manifest that when the second call says, "east with," etc., it means "east *parallel* with," etc. When the deed, applied to the subject-matter, shows a manifest omission in the description, and there is sufficient data furnished by the deed to supply the omission, the omission will be supplied by construction. *Hoffman v. Riehl*, 27 Mo. 554; *Burnett v. McCluey*, 78 Mo. 676.

The defendant complains that the court admitted parol evidence of what the grantor intended to convey,

but the judgment is so clearly for the right party on the face of the deed and the plat of the land, which is conceded to be correct, that any such error ought not to operate as a reversal.

The judgment is affirmed. Sherwood, J., absent; the other judges concur.