## Boyce v. Sikes, *Appellant*.

**Deed:** OMISSION. Where a deed is trilateral, the parties of the first and third parts being mentioned in their proper places, and the second party is invested with a discretionary trust, which he accepts by signing his name to the deed, the omission of his name in the body of the deed is supplied and there is no need to resort to a court of equity to reform, or correct it.

*Appeal from New Madrid Circuit Court.*—Hon. J. D. Foster, Judge.

REVERSED AND REMANDED.

*Wilson Cramer* for appellant.

The failure to insert the name of a grantee was merely a clerical omission, which did not render the deed void. The conveyance was in trust for the use and benefit of Mary E. and Ella Biship, and was intended to be made to their father, Pleasant Biship, who was selected by Wright himself as trustee and who signed the deed, accepted and placed it of record and for years afterwards, in pursuance of the provisions, managed the trust property for his daughters. The trust so created did not fail by the omission to name the trustee. 1 Perry on Trusts (2 Ed.) secs. 38, 45.

*Moore, Arnold & O'Bryan* for respondent.

BARCLAY, J.—This is an action of ejectment. Both parties claim from a common source of title. The decision of the case will turn on the effect to be given to a certain deed under which defendant claims. If it is valid and effective to convey the legal title to the party of the second part therein, then defendant's title must

prevail. If it is not valid and effective for that purpose, then other questions would arise for consideration which need not be discussed in view of the conclusion reached in regard to the deed mentioned.

The material portions of the instrument are as follows, viz.: "This deed, made and entered into this twenty-fifth day of March, A. D. 1864, by and between John P. Wright, ——— Wright, his wife, parties of the first part, and ——— ———————, party of the second part, all of the county of New Madrid, and state of Missouri, and Mary E. Biship and Ella Biship, of the third part, also of said county and state, witnesseth: That the said parties of the first part, for, and in consideration of the sum of fifteen hundred dollars to them in hand paid, the receipt of which is hereby acknowledged, and also for the love and affection I have and bear for the said parties of the third part, have this day granted, bargained and sold, and by these presents do grant, bargain and sell unto the said party of the second part the real estate herein described, to-wit: (Here follows the description in detail); all of which is situated, lying and being in New Madrid county in the state of Missouri; to have and to hold unto the said *party of the second part*, in trust for the use and benefit of the said Mary E. Biship and Ella Biship, for the following purpose: First. To receive and collect the rents, issues and profits of said real estate hereby conveyed, and after paying the taxes and other necessary expenses of said real estate, to pay the said rents, issues and profits to the said parties of the third part, for, and during their natural lives. Second. The party of the *second part* is hereby empowered and authorized to sell and convey said lands or real estate whenever he shall think it will conduce to the interest of, or be beneficial to the parties of the third part, and hold or re-invest the proceeds of such sale in such manner as he may think will best serve the

interest and benefit of said parties of the third part. Third. If the said Mary E. Biship and Ella Biship, the said parties of the third part, should die before attaining the age of twenty-one years, or die without issue living at the time of their death, or either of them, then the real estate herein mentioned and conveyed shall pass to and become the property of the heirs-at-law of the said Mary E. and Ella Biship.

"Given under our hands and seals, this twenty-fifth day of March, A. D. 1864.

"John P. Wright, (Seal).

"_____ (Seal).

"Pleasant Biship, (Seal)."

" State of Missouri, County of New Madrid, ss.—Be it remembered that John P. Wright, who is personally known to the undersigned, a justice of the peace within and for said county, to be the person whose name is subscribed to the foregoing deed as a party thereto, this day appeared before me and acknowledged that he executed and delivered the same as his voluntary act and deed for the uses and purposes therein contained.

"Given under my hand this twenty-seventh day of March, A. D. 1864. S. T. Davis, Justice of the Peace."

"May 14, 1864, there was received for record and recorded, the foregoing instrument of writing : John A. Mott, Clerk and _ex-officio_ Recorder."

The plaintiff's case depends, in part, on the supposed defect exhibited in this instrument by the omission of the name of the party of the second part in the recital of the parties. The trial court, by its judgment in favor of plaintiff, determined that said defect was fatal to the title of defendant, which rests on that deed. After the usual motions, the defendant appealed to this court.

One of the most useful and just rules for the construction of papers like that before us is that full effect should be given to the intention of the parties if it can

be gathered from the entire instrument. There is no need to resort to equity to reform, or perfect it if its meaning is obvious on its face. The contract here is trilateral. The parties of the first and third parts are mentioned in their proper places. The second party is invested with a discretionary trust, which he accepted by signing the deed with the party of the first part. This was done two days before the acknowledgment by the latter. Thus the signatures supply the blank referred to in the body of the instrument and definitely point out Pleasant Biship as the person intended by the granting party as the party of the second part. The omission of his name in the premises of the deed was merely a clerical one, and, being thus supplied, should be disregarded in determining the effect of the conveyance.

This ruling is supported by a number of precedents. It is unnecessary to elaborate further reasons to justify its correctness. *Gaines v. Allen*, 58 Mo. 537; *Wilcoxon v. Osborn*, 77 Mo. 621; *Burnett v. McCluey*, 78 Mo. 676; *Deal v. Cooper*, 94 Mo. 62; *Hitesman v. Donnel*, 40 Ohio St. 287; *Dodd v. Bartholomew*, 44 Ohio St. 171.

It follows that the judgment of the trial court should be reversed and the cause remanded. It is so ordered, all concurring.