———o———

JOHN G. WOODS, CIRCUIT ATT'Y *ex rel.*, JARVIS G. ROGERS, Respondent, *vs*, WILLIAM HENRY AND F. M. KIMBALL, Appellants.

1. *Town, incorporation of—False description—May be stricken out, when— Amendment of records of County Court—Quo Warranto, etc.*—The town of Cameron was laid off and platted on part of Section 23, Township 57, Range 30, in Clinton county, and the plat was acknowledged and filed in the Recorder's office of the county, and the town was built up and inhabited. In 1867, a petition of its inhabitants to the County Court for incorporation referred to the metes and bounds as set out in the plat, but falsely described the location of the town, as in section 24, in which no traces of a town existed. The order of incorporation made by the County Court under the statute similarly mis-described the location.

In *quo warranto* to oust the trustees of the corporation. *Held*, 1st. That enough remained in the description without the false particular, to ascertain the location; and that such false description should be stricken from the order. 2nd. That the records of the court need not be amended so as to describe the location as in sec. 23.

2. *Town—Act incorporating amendable at subsequent term.*—The order of a County Court made under the statute, incorporating a town, is rather a legislative than a judicial act, and may be corrected at a subsequent term.

3. *County—Area diminished below 500 sq. miles, etc.*—An act of the legislature, diminishing the area of a county below five hundred square miles, is unconstitutional and may be treated as null and void by the County Court.

*Appeal from Clinton Circuit Court.*

*J. G. Woods, J. F. Harwood, and Chandler & Sherman,* for Respondent.

I. The court will take judicial notice of county boundaries. (State vs. Worrell, 25 Mo., 212; Hinckly vs. Beckwith, 23 Wis., 328; Mossman vs. Forrest, 27 Ind., 233; Indianapolis R. R. Co. vs. Stephens, 28 Ind., 429; Woodward vs. Chicago & R. Co., 1 Wis., 309; Martin vs. Martin, 51 Mo., 366.)

II. The statute of this State requires the metes and bounds of a municipal corporation to be stated in the order of the court creating the corporation. (Gen. Stat. 1865, p. 240, §1; Dill. Mun. Corp., 124.)

III. Any ambiguity or doubt arising out of the terms of the order, must be resolved in favor of the public. (Dill. Mun. Corp., 103 ; Minton vs. Lane, 23 How., [U. S.] 435–6, 8 Conn., 247; 10 Conn., 442.)

IV. The order of the County Court of Clinton county, incorporating the inhabitants . of the town of Cameron, is conclusive of the metes and bounds of the corporation and of the location and extent of the territory thereof, and no evidence of antecedent facts is admissible to change or explain the said order. (State vs. Weatherby, 45 Mo., 17 ; 12 Barb., 573.)

*E. H. Norton*, for Appellants.

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of *quo warranto*, to oust the defendants from their offices as trustees of the ₜtown of Cameron, in Clinton county, Missouri. The Circuit Court decided in favor of the plaintiff, and entered a judgment of ouster, from which the defendants have appealed to this court.

The leading facts are, that the town of Cameron was laid off and platted on part of section 23, of township 57, of range 30, in Clinton county, and a plat of the town thus laid off was duly acknowledged and filed in the Recorder's office of Clinton county. The town as thus laid off was built up and inhabited, and was the only town of that name in Clinton county. The inhabitants of this town in the year 1867, applied to the County Court of Clinton county, to be incorporated according to the statute in such cases made and provided ; and in their petition for the metes and bounds of the town, referred to the plat on file in the recorder's office, but falsely stated its location to be in section 24, instead of section 23, of township and range aforesaid. The Act of

36—VOL. LV.

incorporation was passed by the court and entered of record, whereby the town of Cameron was incorporated; but in this act of incorporation the town is falsely described as located on section 24, instead of the real place section 23, township and range aforesaid. Some years afterwards, the attention of the County Court was called to the false particular in the description of the town of Cameron, and the court corrected the entry by ordering section 23, to be inserted instead of section 24.

The main point raised and discussed here is, that the false particular denoting the location of the town to be on section 24, controls every other particular demonstrating the real locality, and therefore renders the act of incorporation absolutely void, so far as the real town of Cameron is concerned.

It is conceded that there was no town in section 24, but the town was in section 23., and that the plat referred to, demonstrates the existence of the town as being in section 23. In the construction of records as well as deeds, we must look to the whole record and to all the papers referred to in connection with it, if necessary to ascertain its true intent and meaning. Here the town of Cameron, was incorporated as it stood upon the ground: Where did it stand? Where was it located? We find it actually laid off, and built up and inhabited, on section 23, and no trace of any town existed on section 24. Then to what does this act of incorporation apply? Certainly to the town of Cameron, as found upon the ground. It is found on section 23, and not on section 24. Therefore section 24, whenever it is referred to in the papers and order of the court, is a false particular which must be struck out; and when so struck out, enough is left to ascertain the precise location of the town.

It was not necessary to amend the County Court record, to demonstrate the exact location of the town of Cameron; the record as it stood, sufficiently pointed out the location. The town itself was an actual entity on the ground, and as well defined and no doubt better known, than the numbers of the United States surveys of the public lands. The act

of incorporation however, as passed by the County Court, was not a judicial act, or in the nature of a judicial act, which could not be amended or corrected at a subsequent term, so as to correspond with the original purpose. It was more in the nature of a legislative or administrative, rather than a judicial act.

The point is raised here, that the town of Cameron is not and was not at the time it was incorporated, within [the boundaries of Clinton county. It is admitted, that prior to the General Statutes of 1865, this town was in Clinton county, but that by an extension of the boundaries of De Kalb county, a part of Clinton county was cut off, and this town was thereby thrown into De Kalb county. As the court will take a judicial notice of the boundaries of counties, it will also take judicial notice whether an act of the legislature cutting off part of a county reduces it below its constitutional limits. The constitutional limits of counties under the present constitution, are five hundred square miles; under the old constitution, the limits were four hundred square miles. The county of Clinton was made prior to the new constitution, and as it stood when the new constitution was framed, it did not have five hundred square miles.

The Act of the legislature therefore, which is comprised in the General Statutes, diminishing the boundaries of Clinton county must be regarded as unconstitutional, and the territory cut off still belongs to Clinton county.

So in any view we can take of this case, there is no foundation for this proceeding. The judgment must therefore be reversed.

Judgment reversed. Judge Vories not sitting. The other judges concur.