Johnson v. Bowlware et al., Appellants.

Division Two, May 9, 1899.

1. **Conveyances**: DESCRIPTION: MONUMENTS. Monuments when called for in the description of land will control calls for courses and distances.

2. ———: ———: ———: EJECTMENT: MISTAKES OF SCRIVENER. Where a part of a description in a deed is inconsistent with the other parts, if sufficient remains from which the intention of the parties can be ascertained, that part which is repugnant may be rejected altogether. And this may be done in an action of ejectment. And if it is clear that the word "west," a call for the course, was by mistake of the scrivener written for "east," in a description which also calls for "the place of beginning" in the same connection, that word will be rejected as repugnant.

*Appeal from Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

HALE & SON for appellants.

The sheriff's deed under which plaintiff claims, does not describe part of the land claimed in the petition and for which judgment was rendered, to wit: The fifteen acre tract. The deed, in describing the land by metes and bounds, closes the description by using these words: "Thence west" twenty rods to the place of beginning. It should have said thence east twenty rods to place of beginning. We are aware of the doctrine well established in this court that a description by metes, bounds, distances and amounts may be

controlled by fixed monuments or what is known as government subdivisions, but we are not aware of any doctrine which would control directions; that is, in this case, make the word west read east. The law requires such a description of the land as would enable a surveyor to locate and fix the boundaries. This could not be done without ignoring a definite call in the deed for a line running west.

C. C. Hammond and Jas. L. Minnis for respondent.

(1) The description in a deed should be so construed as to give effect to the manifest intention of the parties. A construction that would cause the deed to perish because of a palpable error of the scrivener should not be upheld if the manifest intention of the parties may be gathered by using a part of the calls and disregarding others. Presnell v. Headley, 141 Mo. 187; Gibson v. Bogg, 28 Mo. 478; Evans v. Greene, 21 Mo. 170; West v. Bretelle, 115 Mo. 653. The word "west" near the close of the above description is a palpable error of the scrivener. (2) It is a fixed principle that monuments when called for in a description of land in a deed will control calls for courses or distances, and a call may be rejected for inconsistency when description enough still remains to ascertain and describe the land with certainty. Burnham v. Hitt, 143 Mo. 414; Coolty v. Warren, 53 Mo. 166. The call to close above description, "to the place of beginning," called for a monument, viz.: The southeast corner of the southeast quarter of the northeast quarter of section 17, and therefore overrides and controls the direction mentioned. (3) The fact that the Shannon heirs "claimed" that the land was purchased by A. J. Shannon for his mother, with her money, and that he held the title merely as trustee and made the deed to James M. Shannon, and that the latter made the deed to defendants in execution of a trust, was wholly immaterial. The court found, that such "claim" was unfounded; that A. J. Shannon was insolvent at the time

he made the conveyance; that plaintiff had been his judgment creditor since 1886; that said deeds were voluntary, without consideration; were made with intent to defraud, hinder and delay his creditors, and particularly the plaintiff, and that "no title passed by said deeds." Snyder v. Free, 114 Mo. 360; St. George Church Society v. Branch, 120 Mo. 226; Shaw v. Tracy, 83 Mo. 224; Sloan v. Torry, 78 Mo. 623. (4) The deeds having been executed to hinder and delay and defraud the creditors of A. J. Shannon, no title passed thereby, but they were void from the beginning, hence may be overthrown in an action of ejectment. Potter v. Adams, 125 Mo. 18; Snell v. Harrison, 104 Mo. 158; Chandler v. Bailey, 89 Mo. 643.

GANTT, P. J.—Action of ejectment for the following lands in Carroll county, Missouri: "sixty-five acres, commencing twenty rods west of the southeast corner of the northeast quarter of section seventeen, township fifty-five, range twenty-one, thence running north one hundred and twenty rods, thence east twenty rods, thence north twenty-two rods, thence west ninety rods, thence south one hundred and forty-two rods, thence east seventy rods, to the place of beginning, all in the northeast quarter of section seventeen. Also a tract of land commencing at the southeast corner of the southeast quarter of the northeast quarter of section seventeen, township fifty-five of range twenty-one, thence north one hundred and twenty rods, thence west twenty rods, thence south one hundred and twenty rods, thence west twenty rods to the place of beginning."

Ouster laid as of August 25, 1895. Damages and rents and profits averred and prayed for.

Bowlware is tenant of his codefendants and his answer is a general denial and that the other defendants are his landlords. The answer of the other defendants is a general denial and an offer of judgment to plaintiff for one undivided one-ninth of the lands sued for.

A jury was waived and cause tried by the court.

It was admitted Bowlware was in possession at the commencement of the suit as tenant of the other defendants. It was further admitted that A. J. Shannon was the common source of title under deeds dated March 14, 1893, and April 14, 1893, from A. H. Cutler et al. and P. P. Brightmare, duly executed, acknowledged and recorded. Plaintiff then read in evidence a sheriff's deed from George E. Stanley, sheriff of Carroll county conveying to plaintiff the right, title and interest of A. J. Shannon in and to the land in controversy, which deed is dated July 27, 1895, made pursuant to a sale under execution issued on a judgment rendered by the circuit court of the city of St. Louis in favor of plaintiff against A. J. Shannon, December 15, 1886. Proof of damages for detention and monthly rents and profits was made by plaintiff and he then rested.

Defendants then offered and read in evidence a deed dated April 15, 1893, from A. J. Shannon to James M. Shannon for the lands in controversy. Also a deed from James M. Shannon to the defendants S. R. Charles, A. J. H. and W. E. Shannon, Mary Robinson, Virginia Bowlware, Rebecca Jeffries and A. J. Shannon.

The defendants then rested.

Plaintiff in rebuttal offered several witnesses whose evidence tended to prove that the deeds read in evidence by defendants were wholly without consideration, and were made by A. J. Shannon to defraud his creditors, and that all parties to said deeds participated in said fraud, and that no title passed thereby. Plaintiff offered evidence tending to prove, that after the execution of the deed from A. J. Shannon to J. M. Shannon and before the execution of the deed from J. M. Shannon to defendants, the said J. M. Shannon executed and delivered to A. J. Shannon a deed reconveying all of said land to him and that A. J. Shannon fraudulently

destroyed said last mentioned deed. That A. J. Shannon was insolvent. Plaintiff again rested.

Defendants then offered evidence tending to show that A. J. Shannon originally purchased said lands as the agent of his mother and with her money but took the deed in his own name; that after her death he conveyed to J. M. Shannon and the latter conveyed said lands to the heirs of the mother of A. J. Shannon pursuant to her direction in her lifetime.

This was all the evidence.

The defendants asked two instructions, as follows:

"1. If the court, sitting as a jury, finds from the evidence that the Shannon heirs as testified to in this cause claimed that the land in controversy was purchased by A. J. Shannon for his mother and with her money and means, and that after her death they claimed that they were each entitled to their interest in said land as heirs of their mother, and that the deed read in evidence from James M. Shannon to them was made in pursuance of said claim, then the deed to them was not fraudulent and can not be attacked by plaintiff in this form of action as a deed made in fraud of creditors, although the court may further find that A. J. Shannon when he executed the deed to James M. Shannon made the same for the purpose of defrauding his creditors, including this plaintiff.

"2. If the court, sitting as a jury, finds from the evidence that the Shannon heirs claimed that they were entitled to their interest in said land as heirs of their mother and that the deeds should have been made to their mother instead of to A. J. Shannon, and that after the mother's death they claimed and received from James M. Shannon the deed read in evidence, prior to any sale of the land under plaintiff's execution, then said deed is not fraudulent and can not be set aside or attacked by plaintiff in this form of action as made in fraud of creditors, although the court may further find that when A. J. Shannon made the deed to James M.

Shannon he intended thereby to hinder, delay and defraud his creditors. If James M. Shannon had reconveyed said land to the Shannon heirs by the deed read in evidence before the sale of the land, under execution, although A. J. Shannon may have received a deed from James M. Shannon for the land in controversy and destroyed the same prior to the deed read in evidence from James M. Shannon, yet if said deed was destroyed and the second deed by James M. Shannon before plaintiff acquired any title to said land by virtue of his execution sale, plaintiff can not in this cause set up or claim any title to said real estate by virtue of said deed so destroyed."

The foregoing were the only instructions asked and they were refused by the court.

The trial court gave judgment for the plaintiff for the land sued for and for rents and profits.

Two grounds for reversal are urged, first, that the sheriff's deed under which plaintiff claims does not describe part of the land claimed in the petition, to wit, the fifteen acre tract. This assignment is predicated upon the fact that in describing said tract by metes and bounds the description closes with these words "thence west twenty rods to the place of beginning," whereas it should have read "thence east twenty rods to place of beginning." Second, the refusal of defendant's two instructions.

I. It is a fixed principle in the construction of deeds that monuments when called for in the description of land will control calls for courses and distances. [West v. Bretelle, 115 Mo. 653; Rutherford v. Tracy, 48 Mo. 325; Burnham v. Hitt, 143 Mo. 414.]

Where a part of a description in a deed is repugnant to or inconsistent with the other parts, if sufficient remain from which the intention of the parties can be ascertained and identified, that part which is repugnant may be rejected altogether.

This may be done in an action of ejectment and resort to equity is not necessary. [Evans v. Greene, 21 Mo. loc. cit. 208; West v. Bretelle, 115 Mo. 653.]

The word "west" in the foregoing description is obviously the mistake of the scrivener. It can and must be rejected and there is still sufficient remaining to call for a closing of the survey by running to the southeast corner of the southeast quarter of the northeast quarter of section 17, a fixed monument.

No error occurred in disregarding the erroneous call for the course west.

II.   As to the instructions.

This was and is an action at law.   The weight of the evidence will not be reviewed in this court if the declarations of law were correct.

Moreover the evidence has not been preserved.   The recital is only that certain evidence tending to prove certain facts was offered by the respective parties.   It will be observed that the first declaration only prayed the court to declare the law to be that if the Shannon heirs claimed that the lands were purchased with the money of their mother by A. J. Shannon and that the deed from A. J. Shannon to J. M. Shannon was made in pursuance of that claim then the deed was not fraudulent even though A. J. Shannon made it to defraud his creditors.

Conceding that if the land was bought with the mother's money it would avail under the pleadings in this form of action, it is plain that a mere claim would constitute no defense.   It falls far short of an equitable defense.   The court correctly refused to so declare the law.

This vice runs through the second declaration of law asked by defendant, also, and the court properly refused it.

The court evidently found for plaintiff on one of two grounds, either that the deeds were made by A. J. Shannon to defeat and defraud his creditors with the knowledge and

participation of defendants or that James M. Shannon prior to his deed to defendants had conveyed the land back to A. J. Shannon and thereby vested the land in A. J. Shannon and nothing passed by James M. Shannon's deed to defendants. The evidence was ample to support either finding and as no error of law was committed the judgment of the circuit court is affirmed. SHERWOOD and BURGESS, JJ., concur.