William J. BRENNAN, Appellant,

v.

The MISSOURI STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent.

No. WD 38341.

Missouri Court of Appeals, Western District.

June 2, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1987.

John L. Sullivan, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jerry L. Buxton, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and GAITAN, JJ.

KENNEDY, Presiding Judge.

The appellant, William Brennan, claims that he is entitled to Missouri State Employees Retirement System (MOSERS) survivorship benefits as the result of the death of his wife, Suzanne Brennan. He has appealed from an adverse judgment in the Circuit Court of Cole County.

We affirm.

Suzanne Brennan was employed by the state of Missouri as a clerk at the Missouri State Hospital from January 12, 1970, until her death in July 1984. Although she was not then eligible for membership in MOSERS (possibly because she was not a full-time employee), Mrs. Brennan on her first day of work executed a beneficiary designation form naming her husband, the appellant William Brennan, as primary beneficiary and their eldest son Timothy as contingent beneficiary.

When Mrs. Brennan became eligible for MOSERS membership, she executed a new beneficiary designation form. This form, dated June 7, 1972, named her son Timothy Brennan as primary beneficiary and another son, Matthew, as contingent beneficiary. Husband William Brennan was omitted. She made no further beneficiary changes prior to her death in 1984.

The 1972 beneficiary designation governs the disposition of a $5,000 MOSERS death benefit, and apparently there is no dispute that such benefit should be paid to Timothy Brennan. In most cases, the named beneficiary would also receive any survivorship benefits to be paid. The MOSERS survivor's benefit which is in dispute here, however, is defined in and governed by § 104.-419, RSMo Supp.1984, which provides in part as follows:

> Death before retirement, survivor's benefits, when.—If any employee who ... has 10 or more years of vesting service dies before retirement ... the employee's surviving *spouse, if named*

*as the employee's beneficiary* ... or the employee's surviving *unemancipated minor children, if named as beneficiary or beneficiaries,* shall receive a total monthly payment equal to fifty percent of the deceased employee's accrued normal annuity calculated as if the employee were of normal retirement age as of the employee's date of death but based on the employee's average compensation and creditable service ... to date of death. (Emphasis added.)

When Suzanne Brennan executed the 1972 beneficiary designation form, Timothy, the primary beneficiary, was 20 years old—he would have reached his 21st birthday 22 days later, on June 29—and Matthew, the contingent beneficiary, was 17 years old. The record is silent as to whether they or either of them was emancipated. At the time of Mrs. Brennan's death in 1984, neither son was eligible under § 104.-419 to receive survivorship benefits. William Brennan applied to MOSERS for payment of the survivorship benefits to him. The application was denied, and this lawsuit followed.

■ The relief sought by William Brennan is equitable reformation of the beneficiary designation executed by his wife in June 1972. Reformation of an instrument is available when it is shown by clear, cogent and convincing evidence that the instrument fails to reflect a valid underlying agreement between the parties due to "fraud, mutual mistake, or such other grounds as will satisfy requirements for equitable relief." *Commercial Standard Insurance Co. v. Maryland Casualty Co.,* 248 F.2d 412, 415 (8th Cir.1957); *St. Louis Realty Fund v. Mark Twain South Coun-*

*ty Bank 21,* 651 S.W.2d 568, 572–73 (Mo. App.1983).

The trial court found that Suzanne Brennan knew how to effect a change of beneficiary and could have done so at any time, yet made no attempt to reinstate William Brennan as the recipient of her MOSERS survivorship benefits. It concluded that there was no basis for reformation of the 1972 beneficiary designation form.

■ This judgment must be sustained unless there is no substantial evidence to support it, unless it erroneously declares or applies the law, or unless we firmly believe that it is against the weight of the evidence. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Miller v. Miller,* 635 S.W.2d 350, 352 (Mo.App.1982). The judgment below is subject to none of these infirmities. As we shall presently discuss, there is insufficient evidence to find that Mrs. Brennan intended to reinstate her husband as beneficiary.

Appellant argues that the doctrine of dependent relative revocation is applicable to Suzanne Brennan's execution of the 1972 beneficiary designation form, and that he is therefore entitled to her survivorship benefits as the named beneficiary on the form executed in 1970. A statement of the familiar doctrine, quoted in several Missouri cases, may be found in Annot., 62 A.L.R. 1367, 1401 (1929).[1] In addition to its principal use in the construction of wills, dependent relative revocation has been applied to ineffective changes of the beneficiary named in insurance policies. *See, e.g., John Hancock Mutual Life Insurance Co. v. Jackson,* 477 F.2d 319 (8th Cir.1973).

■ This doctrine, even if it could be held applicable as a general proposition to

---

[1] "When a will, or portions thereof, are canceled or mutilated in order to change the will in whole or in part, and the attempt fails for want of due authentication, or other cause, this effort to revoke in whole or in part will be treated as relative and dependent upon the efficacy of the new disposition intended to be substituted; and hence, if the attempted disposition is inoperative, the revocation fails also, and the original will remains in force. This rule is styled the doctrine of dependent relative revocation. It is based upon the presumption that the testator performed the act of revocation with a view and for the purpose of making some other disposition of his property in place of that which was canceled, and that there is, therefore, no reason to suppose that he would have made the change if he had been aware that it would have been wholly futile, but that his wishes with regard to his property, as expressed in his original will, would have remained unchanged, in the absence of any known and sufficient reason for changing them." 62 A.L.R. at 1401.

the statute-regulated designation of beneficiaries of public retirement system death benefits (cf. *Appeal of Coleman,* 82 Dauph Co. 12, 33 Pa.D. & C.2d 191 (1964), discussed in Annot., 5 A.L.R.3d 644, 650, 658–59 (1966)), would not be applicable to this case. The doctrine of dependent relative revocation deals with the presumed *present* intention of the testator. It applies when the change, for reasons unknown to the testator, is inoperative and ineffective at the time of the attempted change. In such cases it is presumed that, had he known the attempted change was ineffective, he would have left the original provision unchanged. In this case, Mrs. Brennan's changed designation was effective when made—at least we have no evidence to the contrary. It was only with the passage of time that her two sons became ineligible. The doctrine of dependent relative revocation does not go so far as to presume that it was *then* her intention to reinstate her husband as primary beneficiary, and to proceed without any action on her part to carry that presumed intention into effect. *See In re Holt's Estate,* 405 Pa. 244, 174 A.2d 874 (1961); *In re Crook's Estate,* 388 Pa. 125, 130 A.2d 185 (1957). "[T]he doctrine of dependent relative revocation is a rule of presumed intention ... [It] is subordinate to the rule which makes the intention of the testator paramount, so that its application is limited to cases in which it can operate in furtherance of the intention of the testator." *Watson v. Landvatter,* 517 S.W.2d 117, 121 (Mo. banc 1974) (quoting 95 C.J.S. Wills § 267 at 36 (1957)). *See also John Hancock Mutual Life Insurance Co. v. Jackson,* 477 F.2d 319 (8th Cir.1973).

Judgment affirmed.

All concur.