**Allan R. HOFFMAN, Trustee of the Allan Hoffman Revocable Trust, Plaintiff/Respondent,**

v.

**Robert KAPLAN, Defendant/Appellant.**

No. 64262.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 24, 1994.

Thompson & Mitchell, Lawrence C. Friedman, Matthew J. Fairless, St. Louis, for appellant.

Green, Hoffmann & Dankenbring, Mitchell A. Margo, Joe D. Jacobson, Clayton, for respondent.

KAROHL, Judge.

Allan Hoffman, in his capacity as trustee of the Allan Hoffman Revocable Trust (the trust), filed suit against Robert Kaplan to quiet title to a parcel of land owned by H & K Investment Company (the partnership), a real estate investment partnership comprised of Hoffman and Kaplan. In a separate count, the trustee alternatively sought to reform the deed conveying the larger of the two contiguous parcels but failed to include the legal description of the smaller parcel in question. The smaller parcel of land is the subject of this action. The partners had referenced both parcels under the same street address. The real estate at that street address was distributed to the Hoffman trust by an agreement entered into by the partnership. The trial court found the trust was entitled to summary judgment on both its quiet title and reformation theories. We find the trust was entitled to judgment on its reformation claim and therefore affirm.

Kaplan raises four points on appeal. Kaplan contends the trial court erred in that: (1) the trustee has no standing to obtain reformation of the quit claim deed because the trust was not a party to the partnership dissolution agreement wherein the partners expressed their intention to divide partnership assets; (2) there remains a genuine issue of material fact as to the intent of Kaplan and Hoffman, particularly Kaplan, to transfer the small tract together with the larger under the agreement; (3) there remain genuine issues of material fact regarding the meaning of a paragraph of the agreement which requires the partners to cooperate in good faith to give effect to the terms of the agreement and execute instruments of conveyance for a period of one year; and, (4) there remains a genuine issue of material fact regarding Hoffman's claim of mutual mistake. We will address only the arguments concerning the request for reformation of the deed. Reformation and quiet title are alternative remedies sought by the trust, and we will affirm if the trust is entitled to summary judgment on either theory.

Hoffman and Kaplan are general partners in H & K Investment Company. The partnership owned some 200 properties in 1987 when Hoffman and Kaplan entered into an agreement to partially liquidate the business. Among the properties it owned at that time were several properties used as Kindercare Learning Centers, one of which was located at 1000 South 9th Street in the City of St. Louis. The partnership had purchased a 30,000 square foot "large tract" of land and leased a contiguous 10,000 square foot "small tract" at 1000 South 9th Street on January 16, 1978. It built the Kindercare Learning Center on the large tract. The small tract was used as part of the playground. On January 19, 1984, the partnership purchased the small tract. Thus, the two parcels comprising the 1000 South 9th Street Kindercare were acquired in two separate deeds, and each parcel has a distinct legal description. The parcels share the same address. The parties agree that any reference to 1000 South 9th Street refers to both parcels.

In November, 1985, Hoffman created the Allan Hoffman Revocable Trust, with Hoffman as grantor, beneficiary and trustee. He transferred to the trust all of his interest in H & K Investment Company, as well as another partnership interest. The trust instrument and exhibit incorporated therein provides, "Grantor assigns, transfers and delivers to Trustee ... Grantor's partnership interest in H & K Investment Company...."

Hoffman and Kaplan entered into a partial dissolution of partnership agreement on December 31, 1987. They agreed to divide most of the partnership's properties between

themselves, and engaged the services of Kenneth Rubin, their accountant, to compile values for the properties and divide them into two groups of equal value. After the accountant divided the partnership properties, Hoffman and Kaplan each randomly chose one package. Hoffman drew the package that included the Kindercare property located at 1000 South 9th Street. The accountant testified by deposition that the value he assigned to 1000 South 9th Street included the combined book value of both the large and small parcels.

The scrivener of the deeds to convey the various properties was Charles Willis. He testified it was his responsibility to prepare the quit claim deeds to convey Kaplan's interest in Hoffman's package of partnership property to the Allan Hoffman Trust, as well as Hoffman's interest in Kaplan's package to Kaplan. Willis testified he "pulled out legal descriptions on each property and gave them to some part-time help who were [sic] assisting me in typing the quit claim deeds." At the time he prepared the deeds, Willis was unaware that the real estate at 1000 South 9th Street was made up of two parcels. The quit claim deed he prepared contained a legal description of the large tract only, plus the phrase "together with improvments [sic] located thereon known and numbered as 1000 South 9th Street, St. Louis, Missouri." Both Kaplan and Hoffman testified that at the time they signed the quit claim deed conveying the 1000 South 9th Street property to the Hoffman trust, they both believed they were conveying the entire lot comprised of two parcels. Kaplan's appeal focuses on some deposition testimony which he claims preserves this issue as a fact in dispute. Actually, he argues the smaller parcel was included in the package contrary to instructions concerning encumbered and unencumbered property creating a valuation problem. That valuation "mistake" is not inconsistent with his testimony he intended the 1000 South 9th Street deed to include both parcels. The trust paid all taxes and other expenses related to both tracts and received all the rental income on both tracts after the execution of the deed.

In 1988, approximately one year after the partial dissolution of the partnership had been carried out, Hoffman's attorney, Steven Stone, reviewed the quit claim deeds and other aspects of the division of partnership properties. Stone notified Hoffman of his discovery that the small tract located at 1000 South 9th Street had not been conveyed from the partnership to the Hoffman trust. Hoffman in turn dictated a letter to Kaplan indicating that a new quit claim deed might be necessary. Hoffman testified he asked Willis to obtain one. Kaplan testified he never received this letter. Hoffman never followed through to find out whether the additional quit claim deed had been executed. Four years later, in January, 1992, when Hoffman was preparing to sell the lot at 1000 South 9th Street, he realized no one had executed the quit claim deed transferring the small parcel. Thereafter, Hoffman's attorney sent a letter to Kaplan asking him to sign an enclosed quit claim deed for the small parcel. Kaplan refused. This litigation ensued.

Hoffman, as trustee, filed a two count petition seeking to quiet title to the small parcel or alternatively seeking reformation of the deed conveying the larger parcel to include the smaller. Kaplan filed an answer and counterclaim, and moved to dismiss the trust's action. The trust moved for summary judgment. The trial court ordered title in the small tract quieted in the trust, and ordered the 1987 quit claim deed conveying the 1000 South 9th Street property to the trust reformed to include the legal description of the small parcel. The trial court dismissed Kaplan's counterclaims and, by implication, overruled his motion to dismiss.

In considering an appeal from summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Facts set forth by affidavit or otherwise, in evidentiary form, in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* We accord the non-movant the benefit of all reasonable inferences from the record. *Id.* Our review is

essentially *de novo* because the trial court's judgment is founded on the record submitted and the law. *Id.*

■ Ordinarily, a party who seeks reformation of a deed is required to establish, by clear, cogent and convincing proof, that there was a prior agreement to convey the land within the reformed description, and that there was a mutual mistake of fact in the preparation of the deed. *Cox v. Cox,* 725 S.W.2d 880, 882 (Mo.App.1987). The trust must establish a right to summary judgment flowing from facts about which there is no genuine dispute.

Kaplan states his first point as follows: THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE ALLAN HOFFMAN REVOCABLE TRUST BECAUSE THE TRUST IS NOT A PARTY TO THE [PARTIAL DISSOLUTION OF PARTNERSHIP] AGREEMENT AND THERE IS NO EVIDENCE THAT THE TRUST HAS ANY INTEREST UNDER THE AGREEMENT, IN THAT THE AGREEMENT BINDS ONLY KAPLAN AND HOFFMAN AND THEIR HEIRS, SUCCESSORS, LEGAL REPRESENTATIVES AND ASSIGNS AND NO FACTS SHOWING HOFFMAN ASSIGNED HIS INTEREST UNDER THE AGREEMENT TO THE TRUST HAVE BEEN PRESENTED.

■ There is no dispute that Hoffman as trustee, the sole plaintiff in this action, is not a party to the partnership dissolution agreement. No one disputes that the agreement provides that both parcels located at 1000 South 9th Street were to be distributed to Hoffman, or as assigned. However, Hoffman does not argue that he, in his capacity as trustee, has standing to enforce the agreement. The trust may have standing as a third-party beneficiary but we need not decide the issue. Instead, he asserts for the trust that if it does not have standing to enforce the partnership dissolution agreement, it may use the agreement as evidence of the intent of Hoffman and Kaplan at the time they conveyed the land in question to the trust.

The large parcel located at 1000 South 9th Street was conveyed by quit claim deed to the trust. The trust was the grantee of the deed. In that capacity it has standing to seek reformation of a deed. *See generally, St. Louis 221 Club v. Melbourne Hotel Corp.,* 227 S.W.2d 764, 768 (Mo.App.1950). The trust only seeks to change the legal description in the quit claim deed from the grantor-partnership to the grantee-trust to accurately reflect the parties' intent in executing the quit claim deed. This was not, as Kaplan suggests, an attempt to assert a contractual right evidenced in the partnership dissolution agreement, a contract to which the trust is not a party. We need not address Kaplan's argument concerning the failure of the trust's petition to allege Hoffman transferred his interest under the agreement to the trust, because this argument relates to the quiet title cause of action. The point is denied because the trust has standing as grantee to seek reformation.

Kaplan's second point is: THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE ALLAN HOFFMAN REVOCABLE TRUST BECAUSE THERE REMAINS A GENUINE ISSUE OF MATERIAL FACT AS TO THE INTENT OF KAPLAN AND HOFFMAN TO TRANSFER THE SMALL TRACT UNDER THE AGREEMENT.

■ Relief in reformation is available only when it is shown that "the instrument fails to reflect a valid underlying agreement between the parties due to 'fraud, mutual mistake or such other grounds as will satisfy requirements for equitable relief.'" *Brennan v. Missouri State Employees' Retirement System,* 734 S.W.2d 230, 232 (Mo.App.1987). In this appeal from a summary judgment the record must reflect plaintiff sufficiently met his burden of proof so as to be entitled to judgment as a matter of law or the judgment must be reversed.

The only evidence relevant to the dispute relates to the intent of the partners to include both the large and small parcel of land in the quit claim deed conveying the property at 1000 South 9th Street. The question is whether Kaplan's deposition testimony main-

tains a factual dispute on his intent when he signed the deed. Kaplan testified extensively concerning what he believed should have been included in the deed conveying the 1000 South 9th Street property. He testified that encumbered and unencumbered properties were supposed to be treated differently under the partnership dissolution agreement. The small parcel was unencumbered and the large parcel was encumbered. Kaplan unequivocally maintained if he had been presented with a quit claim deed for the small parcel at the time he signed the 1987 deed, he would have recognized that the unencumbered small parcel was incorrectly included in the packages prepared by the accountant at the time of execution of the quit claim deed. His allegation concerning his mistaken belief as to the value of the property in Hoffman's package does not, however, alter Kaplan's repeated testimony that, at the time he signed the 1987 quit claim deed conveying the 1000 South 9th Street property to the trust, he believed he was conveying both the large and small parcels. The accountant testified the two packages of partnership property were of equal value, and encumbrances or the lack thereof were considered.

Kaplan's testimony included the following:

Q [Trust's Attorney]: ... [W]hen you received my letter [dated January 31, 1992], up until that time, you believed you had, in fact, Quitclaimed you interest in the small tract to [the trust]?

A: Yes.

\* \* \* \* \* \*

Q: Would it be a correct statement, that you didn't know you had an ownership interest in the small tract after December of 1987, until you received my letter?

A: That would be correct.

\* \* \* \* \* \*

Q: It was also at that time [January 1992], that you realized for the first time, that a Quitclaim Deed for the small tract had not been signed in and around December of 1987?

A: Yes.

\* \* \* \* \* \*

Q: Let me ask you, then, to just please concentrate on what it is you believed at the time you signed the document, not after, just at the time you signed the document, did you believe that you were agreeing to deed both the small tract and the large tract to [the trust]?

[Kaplan's Attorney]: Same objection; referring to the document. It speaks for itself.

A: Yes.

Kaplan repeatedly testified that the value placed on parcels in question was inaccurate. But his belief regarding values is not relevant on the issue of his intent to convey both parcels in one deed. The evidence supported the finding that both grantors, Hoffman and Kaplan, and the grantee intended to convey both parcels, and that there was a mutual mistake of fact in the preparation and execution of the deed. *Cox v. Cox,* 725 S.W.2d 880, 882 (Mo.App.1987). Point denied.

Kaplan's third point on the reformation claim is:

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE ALLAN HOFFMAN REVOCABLE TRUST BECAUSE THERE REMAIN GENUINE ISSUES OF MATERIAL FACT REGARDING THE MEANING OF PARAGRAPH 6 OF THE AGREEMENT CONTAINING THE SUNSET PROVISION AND THE GOOD FAITH PROVISION.

Kaplan refers to provisions in the dissolution of partnership agreement that provide that the partners have an obligation to cooperate in good faith with each other in the execution of all instruments of conveyance for a period of one year, but no longer. The meaning of these provisions are relevant to the dispute only if the trust were seeking to enforce the partnership agreement. The trial court concluded that a mutual mistake existed in the preparation of the deed, which resulted in the omission of the description of the small tract. It further found, "It is not necessary to determine whether or not Kaplan received notice of the omission within one year of the distribution of the property.... [E]ven if Hoffman failed to comply with the Agreement's [sunset] provision, this is not a

material breach of the Agreement which would warrant disregarding the clear and admitted intent of the partners at the time they entered into the Agreement nor of the parties when they executed the quit claim deed." This finding and conclusion is correct.

Kaplan's fourth and final point is:

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ... IN FAVOR OF THE TRUST BECAUSE THERE REMAINS A GENUINE ISSUE OF MATERIAL FACT REGARDING THE MUTUAL MISTAKE OF KAPLAN AND HOFFMAN.

■ Kaplan argues that the omission of the legal description of the small parcel from the quit claim deed executed in 1987 is clearly a unilateral mistake, not a mutual mistake, and that it is not the mistake upon which the trust actually bases its right to relief.

A mutual mistake of fact is "one common to both or all parties, where each labors under the same misconception respecting a material fact, the terms of the agreement, or the provisions of the written instrument designed to embody such agreement." *Smith v. Githens*, 271 S.W.2d 374, 379 (Mo.App. 1954). A unilateral mistake "is a mistake on the part of only one of the parties, and a unilateral mistake is not an adequate basis for reformation." *Kopff v. Economy Radiator Serv.*, 838 S.W.2d 449, 452 (Mo.App.1992).

Kaplan argues that he made no mistake, nor could he, in omitting the legal description of the small parcel in preparing the deed to convey the 1000 South 9th Street property. He argues that Willis, the agent of Hoffman, was the lone actor in committing the mistake. This argument is specious because the grantors were actors when they signed the deed.

Moreover, Willis was charged with the responsibility of preparing all the deeds required to carry out the transfers of all the partnership property disposed of under the dissolution agreement. Even though the record appears to indicate Willis remained an agent of Hoffman only a year after the dissolution agreement, there is no evidence to suggest Willis acted only as Hoffman's or the trust's agent in preparing the quit claim deed

when he omitted the legal description of the small tract. Both Kaplan and Hoffman were grantors of the 1000 South 9th Street Kindercare, and the trust was the grantee. "Where the scrivener acts for both parties and makes the mistake, then proof of his mistake establishes the mutual mistake, for he was the agent of both parties." *Cox v. Cox*, 725 S.W.2d 880, 883 (Mo.App.1987) (citing *Dougherty v. Dougherty*, 204 Mo. 228, 102 S.W. 1099, 1101–02 (1907)). In *Cox*, the court found the scrivener acted as an agent of both parties in preparing a deed, even though the scrivener was the grantor's attorney and acted under the grantor's directions. In the present case, it is uncontested that the scrivener acted on behalf of both Kaplan and Hoffman to effectuate their intent to partially dissolve the partnership and convey packages of properties in accordance with the agreement.

■ Although a specific description contained in a deed generally prevails over a general description, "whenever possible, the real intent is to be gathered from the whole description as well as the particular." *Fancher v. Prock*, 337 Mo. 1119, 88 S.W.2d 179, 182 (1935). Here, the quit claim deed was properly reformed to include both parcels located at 1000 South 9th Street. The address was the partnership identification of both parcels.

■ Two other issues were presented by the Hoffman Trust. They include a motion to dismiss because the legal file was insufficient to decide the points on appeal. The motion is denied as moot because a supplemental legal file solved the problem. There is no merit to the trust's contention this appeal is frivolous.

We affirm the judgment ordering reformation of the deed. We do not decide the appeal of the judgment to quiet title because it is an alternative claim and offers no additional relief for the trust.

CRANE, P.J., and CRAHAN, J., concur.