Presnell v. Headley.

PRESNELL *et al.*, *Appellants*, v. HEADLEY.

Division One, November 3, 1897.

**Ejectment:** MANIFEST INTENTION IN DESCRIPTION OF LAND IN DEED. While it is not competent in an action involving the legal title to land, to correct a mistake in the deed or reform it, yet if part of the description is inconsistent with other parts, and the remaining part is sufficient to designate the part sold, the incorrect description will be disregarded, and the other calls will control. The description in a deed·should be so construed as to give effect to the manifest intention of the parties. A construction that would cause the deed to perish because of a palpable error of the scrivener, should not be upheld, if the manifest intention of the parties may be gathered by using a part of the calls and disregarding others.

*Appeal from Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*James Baker* for appellants.

(1) Said deed of trust and trustees' deed are void for uncertainty in description. Neither of them describes the land sued for. A more glaring attempt to make a deed, by the court, can not be found in the books. (2) The rule of law is, "if an estate can not be ascertained by the description in the grant, the deed fails altogether." 3 Washburn on Real Property, 426, 428; 2 Devlin on Deeds, sec. 1010; 6 Peters, 345; 10 Wallace, 270; 6 Gray, 554. (3) That parol evidence is not admissible to contradict, add to, subtract from, control or vary a written instrument. *Wood v. Murphy*, 47 Mo. App. 539; *Tracy v. U. I. Co.*, 104 Mo. 193; *Evans v. W. B. M. Co.*, 118 Mo. 548; *Welsh v. Edmisson*, 46 Mo. App. 282; *Evans v. Greene*, 21 Mo.

208; *West v. Bretelle*, 115 Mo. 653. (4) No equitable relief could be granted against plaintiff, even in a direct proceeding in equity, admitting the legal insufficiency of the deed and asking for its reformation. The mortgage of her property was made to secure an indebtedness of J. A. Presnell, for which she was not liable personally. *Shroyer v. Nickell*, 55 Mo. 264. (5) The question is not what a married woman intended to convey, or what words she intended to use, but strictly what she did use. Her deed does not constitute a contract. *Bagby v. Emberson*, 79 Mo. 139; *Hoskinson v. Adkins*, 77 Mo. 540. (6) The plea of the statute of limitation is not available for the defendants. *Dyer v. Wittler*, 89 Mo. 86.

*T. J. Delaney* for respondent.

(1) If part of the description is inconsistent with other parts, proceeding from a mistake or error, and the remaining parts are sufficient to designate the lands sold, the remedy is by disregarding the false description and giving effect to the other calls. *Evans v. Greene*, 21 Mo. 208; *Kronenberger v. Hoffner*, 44 Mo. 194; *Shewalter v. Pirner*, 55 Mo. 231. (2) The contemporaneous acts of the parties are admissible to show the construction adopted by them, and resort may always be had to the circumstances under which the deed was made. *Evans v. Greene*, 21 Mo. 208; *Lakenan v. Railroad*, 36 Mo. App. 370; *Marvin v. Elliott*, 99 Mo. 616; *Wolfe v. Dyer*, 95 Mo. 545. (3) The call "east '60 rods" being repugnant to every other call in the deed and to the call for quantity and inconsistent with the manifest intention of the parties, will be rejected. *Jamison v. Fopiano*, 48 Mo. 195; *Gibson v. Bogy*, 28 Mo. 478; *Brown v. Gibson*, 82 Mo. 529. (4) With the call east sixty rods rejected, then

we have every part of the deed reconciled.   Then the
law will supply this omission.  *Hoffman v. Riehl,* 27
Mo. 554; *Burnett v. McCluey,* 78 Mo. 676.

BRACE, J.—This is an action in ejectment to re-
cover the possession of certain real estate situate in the
city of Springfield, Greene county, Missouri, described
in the petition as being part of the north one half of the
northwest one fourth of section 14, township 29, range
22, and contained within the following  metes and
bounds: "Commencing at the northwest corner of said
section and running thence south forty-five and one
half rods, thence east one hundred and sixty rods, thence
north five  and one half  rods, thence west eighty-eight
rods, thence north forty rods, thence west seventy-two
rods to the place of  beginning."   The tract thus de-
scribed is shown by the following diagram and contains
about twenty-three and a half acres:

· The plaintiffs are the heirs at law  of John  A. and
Mary E. Presnell  and as such  claim title to the prem-
ises of which the  defendant is in possession  claiming
title under *mesne* conveyances from them.

On the ninth of July, 1870, the said John A. and Mary B. who were husband and wife, being the owners of the premises, by their deed of trust of that date conveyed to Selby & Jamison in trust to secure the payment of certain notes therein described, to the St. Louis Mutual Life Insurance Company "the following described property or real estate situate in the city of Springfield, Greene county, Missouri, to wit: Beginning at the northwest corner of section 14, township 29, range 22, thence running along the western section line forty-five and one half rods, thence running eastwardly sixty rods, thence north five and one half rods, thence west eighty-eight rods, thence north forty rods to the north line of section 14, thence west seventy-two rods to the place of beginning, containing twenty-three and one half acres more or less." Of which description literally followed the following is a diagram:

In 1872 this deed of trust was foreclosed. The trustee's deed containing the same description as in the first trust deed, and the defendant by *mesne* conveyances has acquired whatever title the purchaser at the trustee's sale received.

The defendant in his answer admitted possession, denied the other allegations of the petition, and pleaded the statute of limitations. The finding and judgment

was for the defendant and the plaintiff appeals. The, suit was instituted on the twenty-seventh day of December, 1894. The defendant purchased and went into possession in 1882. The land was then fenced and had been in the possession of his grantors for some years prior thereto. It was admitted that the wife, Mary B. Presnell, who held the legal title to an undivided fourth of the premises at the time of the execution of the deed of trust, died in 1874, and that the husband, John A. Presnell, who held the legal title to the remaining undivided three fourths of the premises at the time of the execution of the deed of trust, died in 1891, and the court found from the evidence that the defendant and his grantors had held the open, notorious, exclusive and continuous adverse possession for more than ten years prior to the death of the said John A.

The defendant does not seek a reformation of the deed of trust, but insists that the intention of the grantor to convey the land in suit is manifest on the face of the deed. The trial court sustained this contention, and this ruling presents the decisive question in the case. In *Evans v. Greene*, 21 Mo. 208, it was ruled that while it is not competent in an action involving the legal title only, to correct a mistake in the deed, yet "if part of the description is inconsistent with other parts, proceeding either from the mistake of the writer or the error of the grantor, and the remaining part is sufficient to designate the land sold, the remedy is afforded by disregarding the false description and giving effect to the other calls." To the same effect is *West v. Bretelle*, 115 Mo. 653. In *Hoffman v. Riehl*, 27 Mo. 554, it was held that "where there is a palpable omission in the description of a deed, it may be supplied by construction." In *Gibson v. Bogy*, 28 Mo. 478, that "the intention of the parties, as shown by the entire deed,

should govern in its construction; where certain of the words used appear repugnant to the other portions of the deed and to the general intention of the parties, they should be rejected." In *Jamison v. Fopiano*, 48 Mo. 194, that "although monuments will generally prevail over other calls in a deed, yet if, taking the whole deed together, they are apparently erroneous, they will be disregarded. And a boundary may be rejected when it is clear that it was inadvertently inserted, and that a tract with different boundaries was intended to be conveyed." See, also, *Cooley v. Warren*, 53 Mo. 166, and *Shewalter v. Pirner*, 55 Mo. 218. In *Brown v. Gibson*, 82 Mo. 529, it was held that "each part of the descriptive language in a deed is to be construed with relation to the other parts, and no inflexible rule of interpretation will be allowed to defeat its clear meaning." And in *Deal v. Cooper*, 94 Mo. 62, that "when the deed applied to the subject-matter shows a manifest omission in the description and there is sufficient data furnished by the deed to supply the omission, the omission will be supplied by construction." To the same effect is *Burnett v. McCluey*, 78 Mo. 676. "The modern rule is to give effect to the whole and every part of the instrument, whether it be a will or a deed, or other contract; to ascertain the general intention, and permit it, if agreeably to law, to overrule the particular; and to transpose the words whenever it is necessary to carry the general intention plainly manifested into effect" . . . . . . . and "where it is obvious that from the words used and the general tenor and context of a will certain words or their substance have been omitted, such words may be supplied by construction." *Thomson v. Thomson*, 115 Mo. 56. And it is well settled law that in determining the intention of the grantor as to the boundaries of the land conveyed, the circumstances surrounding the parties and the situation and condition of the

land will be taken into consideration in construing the deed.　2 Am. and Eng. Ency. of Law, 497; *Evans v. Greene*, 21 Mo. 208; *Wolfe v. Dyer*, 95 Mo. 545.

Applying the foregoing principles to the case in hand, it would seem that the ruling of the circuit court ought to be sustained.　It appeared from the chain of title given in evidence that at the time of the execution of the deed in question the only land which John A. Presnell and wife owned in the northwest one fourth of said section 14, was the land described in the petition and as shown in the first diagram.　That description is identical with that contained in the deed except the length of the second or south line which as there given is sixty instead of one hundred and sixty rods. It is evident upon the face of the deed that the land intended to be conveyed is in the northwest corner of the north half of said section; that it is to be inclosed within the boundaries of the six straight lines given in the deed, that the beginning of the first line and the end of the last is to be the same point, that that point is a monumental point, the northwest one fourth of said section; that the first and last lines radiating at right angles from that point are established lines, being coincident with the west and north lines of said section 14, the first for a distance of forty-five and one half rods and the last for a distance of seventy-two rods.　About these lines there can be no question.　It is also evident from the calls of the deed that the first line must be left at a distance of forty-five and one half rods south of the northwest corner of the section, and the last must be reached at a distance of seventy-two rods east of that corner, and the latter point must be reached by a line running from a point forty rods south thereof, which point must be reached by a line running from a point eighty-eight rods east thereof, which point must be reached by a

Vol. 141 mo—13

line running from a point five and one half rods south thereof. This point, according to the courses and distances given in the deed, is necessarily forty-five and one half rods south of the north line of section 14, one hundred and sixty rods east of the point on the west line, forty-five and one half rods south of northwest corner of said section. Thus we have five of the lines called for in the deed, identical with those of the land sued for, with but one, the second or south line, to be run to perfect the enclosure; to accomplish this purpose the deed plainly points out where this line must begin, the direction it must take, and where it must end, but if drawn between those points as is required by every other call in the deed and as was manifestly the intention it should be drawn, that line must be one hundred and sixty instead of sixty rods long, as called for in the deed. A reasonable construction of the deed requires that it should be so drawn in order that the instrument may not perish and the manifest intention of the parties as evidenced thereby be not defeated, by the palpable error of the scrivener in giving the length of that line, and when so drawn every call of the deed is satisfied, the required quantity of land is enclosed by the boundaries called for, and the land conveyed is found to be identical with that sued for. This conclusion renders it unnecessary to consider the other questions discussed in the briefs of counsel, raised by the plea of the statute of limitations. The judgment of the circuit court is affirmed. All concur.