ADALINE BRISCOE et al., Appellants, v. W. W. LONGMIRE et al., Respondents.

**St. Louis Court of Appeals. Submitted on Briefs, January 3, 1910. Opinion Filed May 17, 1910.**

1. **JURISDICTION: Supreme Court: Effect of Returning Case to Court of Appeals: Title to Real Estate Involved.** Where the Court of Appeals transfers a case to the Supreme Court as directly involving the title to real property, within the exclusive appellate jurisdiction of that court, and that court on motion sends the case back to the Court of Appeals for determination, it will be presumed the Supreme Court conclusively determined the case was not one in which title to real estate was directly involved.

2. **VENUE: Jurisdiction: Suit Affecting Title to Land.** A suit to restrain the sale of land under a trust deed, on the ground the mortgagee, in seeking to relieve himself of the requirements of the third constitutional amendment of 1900, requiring him to pay taxes on the mortgage debt, induced the mortgagor to execute the notes and the mortgage securing them to secure and guarantee the payment of all taxes on the property and on the mortgage debt during the existence of the debt, and that the makers of the notes had paid all the taxes, and that neither the mortgagee nor his assignee had at any time paid any of the taxes, so that there was no consideration for the notes, is not a suit whereby title to real estate may be affected, which under the statute must be brought in the county where the real estate is situated.

3. **APPELLATE PRACTICE: Grounds not Passed on by Trial Court.** Where a demurrer to a petition assigning several grounds of demurrer was sustained on one of the grounds only and on appeal it is determined the court was in error in so doing, the judgment will be reversed and the cause remanded in order to give the trial court an opportunity to pass on the other grounds assigned in the demurrer, as the appellate court is a court of review and acts on such matters only as have been passed upon by the trial court.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. O. Allison* and *Ben E. Hulse* for appellants.

(1) The position of the plaintiffs is that the title to real estate is not involved in this action. A suit in equity to enjoin the sale of real estate under a deed of trust on the ground that the debt has been paid is not an action involving the title to real estate. Gay v. Savings and Bldg. Assn., 149 Mo. 606; Bonner v. Lisenby, 157 Mo. 165; State ex rel. v. Dearing, 180 Mo. 53; Christopher v. Home and Sav. Assn., 180 Mo. 568. (2) Where the validity of a mortgage or deed of trust on land, as such, is not called in question, but its cancellation is sought on the ground that the obligation it was given to secure has been paid or otherwise satisfied, and the only issue in the case is whether or not it has been satisfied, the title to real estate is not involved. Christopher v. Home and Sav. Assn., 180 Mo. 568; Klingelhoefer v. Smith, 171 Mo. 455; Balz v. Nelson, 171 Mo. 682; Granitoid Co. v. Klein, 170 Mo. 225; Vandergrif v. Brook, 158 Mo. 681; Bradley v. Insurance Co., 163 Mo. 553; Bonner v. Lisenby, 157 Mo. 165; Edwards v. Railroad, 148 Mo. 513; Rothrock v. Lumber Co., 146 Mo. 57; Gay v. Savings and Bldg. Assn., 149 Mo. 606; Price v. Blankenship, 144 Mo. 203; State ex rel. v. Dearing, 180 Mo. 53; Hewitt v. Price, 204 Mo. 31. (3) The relief sought in this case would not, if granted, directly affect the title to the real estate involved. The deed of trust, as such, securing the notes mentioned in plaintiffs' petition, is not assailed or attacked. While it is true that, as a sequence of the judgment plaintiffs seek, the title to the real estate involved would be relieved of the lien of the deed of trust, that is only the indirect and not the direct effect of the judgment. An adjudication, upon a motion to quash, that land levied upon was defendant's homestead does not involve the title to real estate. Snodgrass v. Copple et al., 203 Mo. 480; Price v. Blankenship, 144 Mo. l. c. 208; McAnaw v. Matthis, 129 Mo. 142; Brewing Assn. v. Howard, 150

Mo. 445; Stinson v. Call, 163 Mo. 323; State ex rel. v. Elliott, 180 Mo. 658; Lawson v. Hammond, 191 Mo. 522; Moore v. Stemmons, 192 Mo. 46. (4) The enforcement of a mechanic's lien only incidentally affects the title to real estate. The title is involved only when the judgment itself affects the title to the land, and not simply when that judgment is adjudged to be a lien on the land. Conversely when the judgment simply relieves the title of an existing lien, the title is affected only incidentally. Granitoid Co. v. Klein, 170 Mo. 225; Price v. Blankenship, 144 Mo. 203; Vandergrif v. Brock, 158 Mo. 681.

*Ragland & McAllister* for respondents.

REYNOLDS, P. J.—In the petition in this suit, instituted in Monroe county, plaintiff prays that a certain deed of trust covering lands in Ralls county be adjudged null and void and not a lien on the real estate described in it; that the deed of trust be set aside and cancelled of record, and that five promissory notes, each for the sum of forty-five dollars therein described, be adjudged null and void and cancelled, and that the defendant in each of them be perpetually restrained and enjoined from proceeding under the deed of trust to foreclose or sell the real estate or any part thereof and that in the meantime a temporary injunction be allowed and granted, restraining the defendants and each of them from proceeding to foreclose and sell the real estate therein described in the deed of trust, with a prayer for general relief. The ground stated in the petition for the cancellation of the notes is that there was a total failure of consideration as to the notes; that at the time of the execution of the notes the third constitutional amendment to the Constitution of Missouri, adopted in 1900 and relating to the taxation of mortgages, deeds of trust and other contract liens securing debts, had not been "overturned" by the Supreme Court of this State (See Russell v. Croy, 164 Mo. 69,

63 S. W. 849); that the payee of the notes, who was the mortgagee seeking and endeavoring to relieve himself of the requirements of the constitutional amendment requiring him to pay the taxes on the mortgage debt of three thousand dollars, had induced and required the mortgagor to execute these notes and the mortgage securing them, to secure and guarantee the payment of all taxes levied and assessed on or against the real estate and against the mortgage debt during the existence of the debt and until the same was paid and satisfied and to indemnify the mortgagee from the payment of taxes, should he be required to pay them. It is averred that the makers of the notes have paid all taxes on the real estate described in the mortgage and that no taxes remain unpaid and that neither the payee of the notes nor his assignee, who is one of the defendants in this suit, had at any time paid any taxes on the real estate or the mortgage debt. It is further averred that the trustee and present holder of the notes are now threatening and are proceeding and are about to foreclose the deed of trust and to sell the real estate for the purpose of satisfying the deed of trust and notes; that the trustee has advertised the sale as required by law, having given notice that he will sell the same at New London, in Ralls county, in exercise of the powers given him by the terms of the deed of trust, and it is this sale that is sought to be enjoined and to prevent which the temporary injunction was issued.

It is also averred that after the execution of the deed of trust, plaintiff Krall had acquired the interest of one of the plaintiffs in part of the land, and plaintiff Dimmitt had acquired title to other interest in it; that these titles had been passed by warranty deeds from one or more of the plaintiffs and that unless the defendants be restrained and enjoined from selling the real estate under the deed of trust, by such sale title will be divested out of Krall and Dimmitt, and thereby caus-

ing a breach of the warranty contained in the deeds to them.

There are other allegations in the petition, but these are the material ones, necessary to the understanding of the conclusion at which we have arrived.

After the temporary injunction restraining the sale under the deed of trust had issued, defendants appear to have answered. The answer is not in the abstract and presumably was withdrawn. The motion to dissolve the temporary injunction sets out practically the same grounds covered by the demurrer, which latter assigns four causes: First, that it appears upon the face of the petition that the circuit court of Monroe county, in which the suit was pending and to which it was brought, had no jurisdiction of the subject-matter of the action, for the reason that the action is one whereby title to real estate, situated wholly in Ralls county, "may be affected." The second ground is, that it appears on the face of the petition that there is a defect of necessary parties plaintiff; the third ground is that there is a misjoinder of parties plaintiff in that parties are joined as plaintiffs between whom there is no community of interest. A fourth ground of demurrer is, that the petition does not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court upon the sole ground that the court in Monroe county had no jurisdiction of the subject-matter of the action, it affecting real estate lying wholly in Ralls county. Plaintiff declining to plead further, the action of the circuit court in granting a temporary injunction was set aside, the temporary injunction dissolved and judgment entered against the plaintiff's on the demurrer, dismissing their cause. From this judgment the plaintiffs have duly prosecuted their appeal to this court.

When the case was first reached on the docket here, it was transferred to the Supreme Court, this court being of the opinion that it was a cause within the exclusive

appellate jurisdiction of the Supreme Court, as one in which the title to real estate was directly involved. The Supreme Court, on motion, sent the case back to this court and it is now here for our determination. We must assume that the Supreme Court, by its action, has conclusively determined that this is not a case in which the title to real estate is directly involved. In view of that and on further consideration, we have determined that the conclusion of the learned trial judge in sustaining the demurrer upon the sole ground that the court in Monroe county had no jurisdiction of the subject-matter of the action, was error. On reconsideration, we have all concluded that the case of State ex rel. v. Dearing, 180 Mo. 53, 79 S. W. 454, must govern and that what appeared to be a contrary ruling in Castleman v. Castleman, 184 Mo. 432, 83 S. W. 757, is not applicable to the facts of this case. This is a court of review, acting on such matters as have been duly considered and passed upon by the trial courts. In fairness to the learned · circuit judge and to the parties themselves, that judge should be given an opportunity to pass upon the other grounds assigned in the demurrer. The opinion heretofore filed by us in this cause, holding that the demurrer was properly sustained on the one ground assigned, is withdrawn and the judgment of the circuit court in sustaining the demurrer for the cause assigned is reversed and the cause remanded with directions to proceed further in consideration of the case in accordance with law and as herein indicated. All concur.