FRANK H. BRUTCHER and LAURA BRUTCHER v. ELLA M. FITZSIMMONS, Appellant.—122 S. W. (2d) 881.

Division One, December 20, 1938.

548

*Francis R. Stout* for appellant.

*Aug. G. Walz* for respondents.

HAYS, P. J.—Suit in equity brought in the Circuit Court of the City of St. Louis to cancel a number of promissory notes and a deed of trust securing the same, executed by the plaintiffs in part payment of the purchase price of a lot in Sherwood Park, a subdivision located in St. Louis County. The plaintiffs rely on failure of the consideration of the notes.

We give the substance of the pleadings and the judgment.

The lot was purchased by plaintiffs from the Homestead Realty Company, a corporation, and they received from said company a deed of general warranty, except as to taxes, general and special. Unknown to plaintiffs there was a prior and subsisting deed of trust on the entire subdivision, which had been executed by said company to Hauer-Lustkandl Realty Company to secure an indebtedness of some thirty thousand dollars, and the Homestead Company assigned said notes of plaintiffs to said Hauer-Lustkandl Company as collateral to the underlying mortgage.

At the time of said transactions between plaintiffs and said Homestead Company, and as a part of the agreed consideration thereof the latter agreed to install in the whole of said subdivision concrete streets, curbs and sidewalks, water, sanitary sewers, gas and electricity. Plaintiffs paid the Homestead Company $660 in cash and executed their notes, referred to above, thirty-six in number, for deferred sums aggregating $2686. Plaintiffs have paid twenty-three of them, aggregating with interest $999.95, making the total payments, cash and deferred, $1659.95, and leaving the remainder due $1981. The grantor company installed none of said utilities and in consequence plaintiffs' said payments made exceeded the present market value of their lot in the sum of $795.95. Defendant, it is claimed, is an endorsee of plaintiffs' said unpaid notes and so took and holds the same with actual and full notice that the consideration thereof had failed for the reasons stated above.

Temporary restraining order and injunction *pendente lite* were sought and granted to restrain threatened foreclosure of plaintiffs' said deed of trust or any negotiation of said notes.

In the prayer it is asked that the unpaid notes be cancelled and the deed of trust released of record; that judgment be entered in favor of plaintiffs for the sum paid in excess of the present actual value of said land; that upon final determination the court decree the injunction permanent and grant all other and further relief.

The answer of defendant was substantially a general denial with added affirmative defenses. It alleges that defendant was an innocent purchaser and holder of said unpaid notes in due course, for value and before maturity thereof, and without notice of the matters alleged in the petition; that defendant paid off and discharged said underlying mortgage which purchase inured in part to plaintiffs' benefit and defendant purchased plaintiffs' unpaid notes from the holders of the underlying deed of trust. The prayer is: "Wherefore, defendant prays that the court hold and rule that the petitioners have a plain, speedy and adequate remedy at law, and that the petition filed herein is wholly and entirely without equity, and that said petition failed to state a cause of action against this defendant; and defendant further prays, without waiving her right to the above relief, that upon a hearing of this cause plaintiffs' petition be dismissed and the relief sought by them be denied."

For reply the plaintiffs denied that defendant was an innocent purchaser as claimed and deny each and every allegation of new matter in defendant's answer contained.

The trial of the case resulted in a "finding and decree canceling the deed of trust and notes described in the petition and permanently enjoining defendant from foreclosing and enforcing the same and denying any money judgment against defendant, except that costs be taxed against defendant."

From the record before us the question of our appellate jurisdiction under Article VI, Section 12 of the Constitution obtrudes itself. It plainly appears that the case is not within our monetary jurisdiction, so the question is whether our jurisdiction attaches on the ground that title to real estate is involved within the meaning of said section. We think title is not involved, but is affected merely incidentally and collaterally by the judgment.

Our jurisdiction extends, therefore, only to the determination of that question. We think it is ruled by the decision in State ex rel. v. Dearing (en banc), 180 Mo. 53, 79 S. W. 454. This question was one of the two decisive questions determined in that decision on facts of another case pending, and therein reviewed, the latter so similar on its decisive facts to the case at hand that it seems unnecessary to state them here. Relative to the contention there made, that title to real estate was involved, the court (l. c. 63-64) said:

"The only thing that is urged, giving any countenance to the contention that title to real estate is involved in that controversy, is the prayer for relief in which the cancellation of the notes given for part of the purchase money for those lands, and an injunction restraining the foreclosure of the deed of trust given to secure them is asked But such prayer could not have the effect of converting plaintiff's equitable action *in personam* into an action 'affecting title to real

estate' within the meaning of the section relied upon. 'In granting injunctions the court operates *in personam* and may exercise its jurisdiction quite independently of the locality of the act to be done; being an order directed to a person, it does not run with the land.' [Kerr on Injunctions (3 Ed.), pp. 6 and 7.] This section of the statute, like the constitutional provision vesting appellate jurisdiction in this court in cases involving title to the real estate, applies only to cases in which title to land is the subject of the controversy and in which the judgment will operate directly upon the title, and not to those cases where the title to land may be merely a subject of collateral inquiry or in which the judgment will only affect the title incidentally or collaterally. (Citing cases.) Moreover the jurisdiction of the court is not determined by the prayer for relief, but by the facts stated, which constitute the cause of action, and should those facts not warrant the relief asked and it should nevertheless be granted, this would be error, which could be corrected on appeal, but the jurisdiction of the court would not be affected thereby.'' [See Briscoe v. Longmire, 148 Mo. App. 594, 128 S. W. 521; Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, 1. c. 952-953, 2 S. W. (2d) 771, 773.]

This court being without jurisdiction, the cause is transferred to the St. Louis Court of Appeals. All concur.