GEORGE M. PETERS and EMMA MARY FRANCES PETERS, Appellants, v. KIRKWOOD FEDERAL SAVINGS & LOAN ASSOCIATION, and P. G. DEUSER.—139 S. W. (2d) 507.

Division One, July 7, 1939.

1068

*Jesse L. England* for appellants.

*Albert Chandler* for Kirkwood Federal Savings & Loan Association.

BRADLEY, C.—The purpose of this cause is to set aside a foreclosure sale, under a deed of trust, on the ground that the bond or note secured thereby had been "fully paid and satisfied." Defendant, Deuser, was the sheriff and acted as trustee at the foreclosure sale. The defendant, savings and loan association, among other plead-

ings, filed what is called a cross complaint. The court found against plaintiffs and they appealed.

December 28, 1925, plaintiffs, husband and wife, subscribed for twenty-seven shares of stock ($300 per share) in the Kirkwood Building & Loan Association (name later changed), and on same date borrowed $8000 from the association. The loan was secured by a deed of trust on the real estate described in plaintiffs' petition and the pledge of the twenty-seven shares of stock. On the stock and loan, plaintiffs paid $110 monthly. April 17, 1926, plaintiffs subscribed for ten additional shares of stock, and borrowed an additional $3000 secured by the pledge of the ten shares of stock and a second deed of trust on the same real estate securing the $8000 loan. The monthly payments on the second stock subscription and loan was $41 per month.

After the second loan, plaintiffs' monthly payment was $151, which amount was regularly paid up to and including September 10, 1929. About that time, an effort was made to readjust the two loans so that the total monthly payment would be less than $151 per month, and an agreement was reached whereby the total monthly payment was reduced from $151 to $77.50, but, on examination of title, a judgment (plaintiffs say mechanic's lien) against plaintiff, George M. Peters, was discovered, and the secretary of defendant testified that he advised Mr. Peters that the original deeds of trust, because of this judgment, could not be released. However, plaintiffs continued to pay and defendant continued to accept the $77.50 monthly payment until March 8, 1932. On that date what is termed a ''loan extension agreement'' was entered into by which future payments would be $65.10 per month, and the amount due remained secured by the two original deeds of trust. The $65.10 monthly payment was made until May 29, 1934, after which time no payment was made.

December 2, 1935, defendant foreclosed under the second deed of trust, and became the purchaser on a bid of $1000. Defendant's assistant secretary testified that, at the time of foreclosure, the amount secured by the first deed of trust was $5369.61, and by the second, $1013.27. Defendant, as we understand, prorated proportionately the $77.50 and the $65.10 monthly payments on the original and second loan.

The court found that defendant had ''fully accounted for all sums of money paid to it by plaintiffs; . . . that plaintiff had paid nothing on the obligations secured by the deeds of trust after the month of May, 1934;'' that, at the time of foreclosure, the amount, secured by the respective deeds of trust, was as above stated. The court also found that plaintiff's ''seek to redeem said properties and have asked that an accounting be taken . . . and have tendered payment of such balance as the court may find on said accounting; . . . that said association has consented to such accounting and redemption; that the amount due and payable to entitle plaintiffs to

redeem is the sum of $6382.88 with interest at six per cent from December 2, 1935; but that if redemption is not made, then the amount owing from plaintiffs to said defendant association should be credited with the net sale price aforesaid as of said December 2, 1935.''

By the judgment (February 26, 1937) plaintiffs were given ''to and including March 9, 1937'' to pay into the registry of the court the $6382.88, plus interest at 6 per cent from December 2, 1935; and it was directed that upon such payment, defendant convey to plaintiffs the property described in the deeds of trust, and that ''any claims'' of defendant against plaintiffs ''be cancelled and discharged.'' And it was further adjudged that if such payment was not made, as directed, then plaintiffs were directed to ''vacate and surrender possession of said real estate to said defendant on or before March 15, 1937, and on so recovering possession said defendant shall satisfy this judgment.'' Also, it was adjudged that ''on the failure of plaintiffs so to quit possession and vacate said real estate, that a writ of possession shall issue directing the sheriff to put'' defendant in possession; and further, it was adjudged that, upon failure of plaintiffs to surrender possession and pay the $6382.88, plus interest, defendant would retain all the property *and* also ''have and recover of plaintiffs the sum of $5423.63, with interest at six per cent per annum from December 2, 1935.''

■ At the threshold we are confronted with the question of jurisdiction raised by defendant. But, regardless of whether or not such question is raised, it is our duty, when the question of jurisdiction appears, to determine it. [Perkins v. Burks et al. (Mo.), 61 S. W. (2d) 756; Rust Sash & Door Co. v. Gate City Bldg. Corp. et al., 342 Mo. 206, 114 S. W. (2d) 1023.] If we have jurisdiction of this appeal, it is on the ground that title to real estate is involved. The suit here does not seek to set aside and cancel a deed of trust, but to set aside a sale under a deed of trust, and enjoin the execution and delivery of the trustee's deed. There was no temporary restraining order and the trustee's deed was delivered to the purchaser and was recorded. The situation, we think, is the same as if plaintiffs had, before foreclosure, brought suit to set aside and cancel the deed of trust on the ground that the note or bond secured thereby was paid off and discharged.

■ There is a distinction (affecting appellate jurisdiction) made in the decisions between a suit to set aside a deed of trust on the ground that it is void *ab initio,* and a suit in which it is sought to prevent enforcement on the ground that the right to enforce has been lost by something happening after execution.

In Phillips v. Phoenix Trust Co. et al., 322 Mo. 327, 58 S. W. (2d) 318, it is held that the Supreme Court has appellate jurisdiction of a suit to cancel deeds of trust on the theory that they were void *ab initio*. In Koewing et ux. v. Greene County Bldg. & Loan Assn. et al., 327 Mo. 680, 38 S. W. (2d) 40, it is held that the Supreme

Court has appellate jurisdiction of a suit to cancel a deed of trust on the ground that it was never delivered and therefore never had validity. In Linneman et al. v. Henry, 316 Mo. 674, 291 S. W. 109, jurisdiction of a suit to cancel a trust deed, on the ground of alleged fraud in its procurement, was taken without discussion. Conrey v. Pratt et al., 248 Mo. 576, 154 S. W. 749, was an action to foreclose a deed of trust. The answer alleged that it was procured by fraud and asked that it, for that reason, be annulled. It was held that jurisdiction of the appeal was in the Supreme Court. Hendrix v. Goldman et al. (Mo.), 92 S. W. (2d) 733, was to cancel a deed of trust on the ground that it was made in fraud of creditors. It was held that jurisdiction of the appeal was in the Supreme Court. Castorina v. Herrmann, 340 Mo. 1026, 104 S. W. (2d) 297, was to set aside a deed of trust on the ground that it "was wholly without consideration." It was held that appellate jurisdiction of the case was in the Supreme Court.

In Vandeventer v. Florida Sav. Bank, 232 Mo. 618, 135 S. W. 23, the question on appellate jurisdiction and the court's ruling is clearly stated in headnote 2 as follows (232 Mo. 618) : "Where it is admitted that plaintiff is the owner of the land, and that the note for $200 was originally secured by a valid deed of trust thereon, and the only issues in the case are whether or not it was paid prior to assignment, title to real estate is not involved, and the Supreme Court has no jurisdiction over the appeal." [Christopher et al. v. People's Home & Sav. Assn., 180 Mo. 568, 79 S. W. 899, is to the same effect.]

On a motion to transfer in Loewenstein v. Queen Ins. Co. et al., 227 Mo. 100, l. c. 127, 127 S. W. 72, the subject of appellate jurisdiction in causes seeking to cancel deeds of trust on real estate is considered somewhat at length. And in that case the distinction (affecting appellate jurisdiction) is pointed out between cases where it is claimed that the deed of trust is void *ab initio*, and cases where it is claimed the deed of trust should not be enforced because of something that has happened since its execution. In the former, title is directly involved and appeal lies to the Supreme Court, while in the latter, title is only indirectly involved and appeal will not lie to the Supreme Court. [See, also, Brutcher v. Fitzsimmons, 343 Mo. 547, 122 S. W. (2d) 881.]

There is no claim that the deed of trust involved in the present case was void *ab initio*. The only ground relied upon to set aside the sale is that the note or bond secured by the deed of trust was paid off and discharged.

Clearly, we do not have jurisdiction of this appeal. The cause should be transferred to the St. Louis Court of Appeals, and it is so ordered. *Hyde* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bradley, C., is adopted as the opinion of the court. All the judges concur, except *Hays, P. J.,* absent.