SAM M. LEE AND ELLA LEE, RESPONDENTS, V. CHARLES RAYSIGL ET AL., APPELLANTS.—171 S. W. (2d) 114.

Springfield Court of Appeals, April 28, 1943.

*C. T. Bloodworth* for appellants.

*Phillips & Phillips* for respondents.

BLAIR, P. J.—The appellate jurisdiction of this court was not challenged by appellants or respondents in argument or brief. Notwithstanding, we have the duty to determine such jurisdiction for ourselves.

The only question which could possibly deprive this court of appellate jurisdiction is this: Is the title to real estate involved within the meaning of the Constitution? The note and deed of trust were valid when executed. Foreclosure of the deed of trust was enjoined because of the alleged payment in part of said note and tender of the balance due before such injunction suit was filed. It was sought in this suit to cancel the deed of trust and for a decree that the note was fully paid.

We have concluded that title to real estate was not directly involved and that we therefore have appellate jurisdiction. [Meredith v. Pound (Mo.), 92 S. W. 698; Brutcher v. Fitzsimmons, 343 Mo. 547, 122 S. W. (2d) 881; Peters v. Kirkwood, etc., Assn., 344 Mo. 1067, 139 S. W. (2d) 507.]

Before considering the merits of the appeal we will take up plaintiffs' (respondents') motion to affirm the judgment below, because appellants' (defendants') abstract fails to show that the appellants saved an exception to the overruling of their motion for new trial, and further, because the abstract of appellants fails to show that the bill of exceptions was signed by the trial judge.

It is the contention of the respondents in said motion, and under Point (11) of their brief here, that there is nothing before this court but the record proper and, since the plaintiffs' petition states a good cause of action, the judgment of the trial court should be affirmed on the record.

On page 25 of the appellants' abstract, the following appears:

"On the same day, the Motion for New Trial was overruled, affidavit for appeal filed, and appeal granted with 90 days allowed to prepare and file a Bill of Exceptions, and appeal bond duly filed and approved, and all necessary steps to be taken to effect appeal in this cause were duly taken within the time and manner provided by law, and (t)his Bill of Exceptions was duly filed and made to constitute a part of the record in this cause." (Letter in parenthesis ours.)

Appellants have filed their certified copy of the order granting them an appeal. Appellants' abstract states that "all necessary steps" were taken to effect an appeal, including the filing and allowance of a bill of exceptions, and respondents have made no contrary showing. Therefore, under Rule 32 of this court, respondents' motion to affirm the judgment of the trial court must be overruled.

We might add that our Supreme Court has recently held that exceptions need not even be taken to the overruling of a motion for a new trial, where proper exceptions were taken during the trial. [State v. Wolzenski, 340 Mo. 1181, 105 S. W. (2d) 905.]

Proceeding now to the merits of the appeal, there seems to be no dispute about the following facts:. The suit in Ripley county was filed by respondents, as plaintiffs, against appellants, as defendants, for an injunction to prevent foreclosure of a deed of trust on the real estate, which it is unnecessary to describe here. The deed of trust was valid when given and was in regular form to secure the payment of a note for $400 to Charles Raysigl, due in one year from date thereof, with interest at five per cent from date and signed by respondents Lee and wife. Respondents pleaded that they paid part of said note to one Morgan, claimed by them to have been the apparent agent of appellant Raysigl, and made a legal tender through a bank to appellant Raysigl of the balance, in sufficient amount to cover interest and costs of releasing the record of the deed of trust. There is no question that plaintiffs in good faith believed such payments were proper. Appellants pleaded that T. B. Morgan, who received the payment from respondents, had no authority, real or apparent, to receive such payments from respondents. The note was not in the possession of said Morgan at the time of such payments and he had no *actual* authority to receive such payments at all, as the note was not due at the time of such payments and said note was actually in Ohio at the time and was not in the possession of said T. B. Morgan at any time, after he sent it to appellant Raysigl, and such matter was not covered by the power of attorney hereinafter set forth.

The sole question in the case is this: Did T. B. Morgan have *apparent* authority to receive such payments from the makers of said note and thereby to bind appellant Raysigl?

The circuit court, on transfer of the case to Butler county, held that said T. B. Morgan had such *apparent* authority and enjoined the sale under said deed of trust, and defendants in said case appealed to this court.

Whatever apparent authority was possessed by said T. B. Morgan must be gathered from the previous conduct of the parties and the language used in the following power of attorney, to-wit:

"KNOW ALL MEN BY THESE PRESENTS:

That I, CHARLES RAYSIGL, of Cleveland, Ohio, have this day made, constituted and appointed T. B. MORGAN, of Poplar Bluff,

Butler County, Missouri, and do by these presents, make, constitute and appoint the said T. B. MORGAN, of Poplar Bluff, Butler County, Missouri, my true and lawful attorney, for me, and in my name, to sell and dispose of, absolutely, my personal property, consisting of notes made to me, and executed by one Eugene W. Utley and Eva Utley, his wife, said notes being secured by deed of trust on certain real estate lying, being and situate in Ripley County, Missouri, secured by a deed of trust recorded at Page 290 of Book 108 of the deed records of Ripley County, Missouri, 27 notes, of $100.00 each, and to collect the same, or any part thereof, or the interest due thereon, in any manner or way he shall see fit, and think convenient; also, for me, and in my name and behalf, to do such things or take such action as may be, in his opinion, necessary to protect my interest as the owner and legal holder of said notes secured by said deed of trust; and also, for me, and in my names and behalf, to do such things or take such action as may be, in the opinion of the said T. B. MORGAN, necessary to protect my interest as party to a certain contract made and entered into by me with Eugene W. Utley, on the 15th day of May, 1937, for which purpose I hereby make, constitute and appoint the said T. B. MORGAN as my true and lawful attorney.''

It seems that the same real estate was formerly sold by appellant Raysigl to one Eugene W. Utley and said Utley and wife had executed notes and deed of trust to said appellant, and said Utley thereafter sold the real estate, subject to such encumbrance, to his brother and the brother sold the property to respondent Sam M. Lee, subject to the same encumbrance, and Lee and wife executed the deed of trust to appellant Raysigl. It was these notes and deed of trust given by the first Utley which were described in the power of attorney. Respondent Lee gave $1400 in cash and certain liens on the property were removed, and he and his wife executed the note for $400 to appellant Raysigl for the balance, which is involved in this case. Said Morgan was authorized by such power of attorney to do whatever was necessary to protect appellant Raysigl with respect to said Utley notes and the contract made with said Utley. Nothing whatever was said in the power of attorney about the note or deed of trust given to appellant Raysigl by respondents Lee and wife.

The *apparent* authority of Morgan was gathered from the facts that the second Utley and wife made a deed directly to respondent Lee and said Morgan was to collect the twenty-seven first Utley notes. These notes were afterwards cancelled and the deed of trust securing them was released. The conduct of Morgan with regard to the sale of the property to respondent Lee and the execution of the notes and deed of trust by respondent Lee and wife were the only dealings Morgan ever had with said Lee note and deed of trust. Such course of dealing was wholly with respect to the sale of and payment for said real estate.

We must confess that the steps taken to get the title in respondent Sam M. Lee, subject to the deed of trust securing the $400 note to Raysigl, were somewhat involved; but there can be no doubt that, out of such steps, respondent Sam M. Lee became the owner of said real estate and had the right to and did execute a valid note to appellant Raysigl, due in one year with five per cent interest from date and that such deed of trust securing the payment of said note was recorded and both the note and recorded deed of trust were sent to appellant Raysigl by Morgan long before any money was paid to Morgan by respondent Lee and were never returned to Morgan and were both in the State of Ohio when Lee made both payments to Morgan.

Rspondent Lee admitted that he had a copy of the power of attorney heretofore set out and had seen the original, before he ever closed the deal for the purchase of the real estate and therefore before he paid any money to Morgan, and must have known the limitation on Morgan's authority. There is no word in the power of attorney which gave Morgan any authority to act for appellant Raysigl in any matter, except the Utley notes and deed of trust. The $250 note, said by Morgan to have been given by Raysigl and the signature to which was denied by Raysigl, was long before the note for $400 was executed by respondent Lee and wife, if that was a matter of any importance. Morgan was, at that time, acting for and the agent of Raysigl only with respect to the Utley matter.

Respondent cites cases to the proposition that, when a loss must be sustained by one of two innocent parties, the one whose negligence made the loss possible must suffer, rather than the other. Respondents cite those cases on the theory that appellant Raysigl was negligent; but those cases, in our opinion, apply to appellant Raysigl, rather than to respondent Lee, because Lee paid the money to Morgan without the production of such note, merely because Morgan had previously had authority over the Utley notes and had managed the deal by which respondent Lee secured the title. If anyone was negligent, we think it was respondent Lee, rather than appellant Raysigl. We are unable to find evidence which tends to show any authority, certainly not real and not sufficiently apparent, on the part of Morgan to represent appellant Raysigl in the collection of the Lee note for $400. Lee made two payments to Morgan in evident good faith; but he made such payments at his peril and took the chances of such payments ever getting into the hands of appellant Raysigl and being properly credited on his note. As Morgan did not pay over such moneys to appellant Raysigl, but kept them himself, respondent Lee, who himself was grossly negligent, in not insisting on the production of the note and credit thereon, must suffer the loss, rather than appellant Raysigl, the owner and holder of the note involved here. The note was negotiable and might have been assigned to and owned by

some third person, and we cannot imagine any defense to the note in such a case.

We must not be understood as passing in any way upon any claim respondent Lee may have against Morgan, on account of the payment to him of said money, or any claim Morgan may have against appellant Raysigl for previous services. Those matters are not involved here. We only hold that appellant Raysigl cannot be in anywise liable to respondent Lee for any money paid by respondent Lee to Morgan, in the absence of a sufficient showing of any authority, real or apparent, on Morgan's part to receive such payments for appellant Raysigl.

It is therefore our order that the judgment be reversed and the cause remanded to the Circuit Court of Butler County, with directions to that court, in response to the answer filed in said court, to enter judgment for defendant Raysigl, one of the appellants here, against plaintiffs Lee and wife, respondents here, for the face of said note and interest from date thereof at five per cent per annum, and that such judgment be decreed to be a first lien upon the real estate described in the petition, in favor of defendant Charles Raysigl, and that the real estate described be sold under said deed of trust, if judgment and costs be not paid by plaintiffs in full within ten (10) days after said cause reaches the Circuit Court of Butler County. *Smith* and *Fulbright, JJ.*, concur.