Eileen FISHER, Bernice Stiller Wessel, Frances Wollard Cox; and C. A. Wollard, Administrator with the Will Annexed of the Estate of Mont Lavelock, Deceased, Appellants,

v.

Thomas W. LAVELOCK, also known as Tom Lavelock, Respondent.

No. 44850.

Supreme Court of Missouri.

Division No. 1.

Oct. 10, 1955.

O. J. Adams, Hamilton, for appellants.

Brandom & Brandom, Gallatin, for respondent.

HOLMAN, Commissioner.

Plaintiffs (appellants), by this action, seek to obtain the cancellation of a certain instrument described as an "Option to Re-Purchase" in which defendant (respondent) is named as optionee, and for certain other relief which will be hereinafter more fully described. Defendant filed an amended motion to dismiss which was sustained and the cause was accordingly dismissed. From this order and judgment plaintiffs have duly appealed.

It appears from the petition that Mont Lavelock died in Caldwell County, Missouri, in May, 1951. Her will was thereafter admitted to probate in the probate court of that county. Plaintiff C. A. Wollard is the administrator w. w. a. of her estate. The remaining plaintiffs are the residuary devisees of said estate and as such appear to be the devisees of the real estate hereafter mentioned.

On June 16, 1930, Mont Lavelock executed and delivered to her son, the defendant Thomas W. Lavelock, the aforementioned "Option to Re-Purchase." This instrument recited that Thomas W. Lavelock and wife had that day conveyed to Mont Lavelock a certain undivided interest in real estate and mineral rights in additional real estate, all located in Wharton County, Texas; that as a part of the consideration for said conveyance said Lavelock was to have an option to repurchase said real estate at any time within five years for $1,000 with interest thereon from date at six per cent per annum, compounded; that if the income from said real estate should exceed six per cent on $1,000, then the excess over said amount should be paid to Thomas W. Lavelock. It was alleged that the defendant had failed to exercise the option to repurchase and therefore said option was no longer valid and had expired.

It was further alleged that defendant was indebted to Mont Lavelock upon a note dated January 1, 1930, the balance due at the time suit was filed being $3507.36; that defendant was entitled to a credit thereon in the amount of $2,000 by reason of a bequest in said sum as provided in the will of said deceased, thus leaving a balance due said estate of $1507.36.

The petition also contains allegations concerning certain checks issued by Texas Gulf Sulphur Company on account of sulphur royalties. Between May 15, 1951, and September 15, 1952, seventeen of these checks, totaling $892.30, were issued by said company and were made payable to Mont Lavelock and Thomas W. Lavelock. It is alleged that the amount, if any, due to defendant from said checks should be ascertained and paid to the estate and credited upon the $1,507.36 due the estate from said defendant.

The portion of the prayer which relates to the "Option to Re-Purchase" is that said instrument "be cancelled, set aside and for naught held, and that the same may be declared forfeited and terminated by reason of defendant's failure to exercise the option therein granted, and that said defendant be decreed to have no further right, title, interest or estate therein."

The ground relied on by defendant in his motion to dismiss, as regards the option, was that "the court does not have jurisdiction over the subject matter of the petition in that the instrument referred to in the petition as an Option of Re-Purchase, dated June 16, 1930, is with reference to real estate or interests in real estate located in Wharton County, Texas, and this court has no jurisdiction to determine matters affecting real estate located in the State of Texas and does not have jurisdiction to cancel or set same aside or to declare it forfeited and terminated." The conclusion we have reached makes it unnecessary to set out or discuss the grounds upon which defendant sought a dismissal as relates to the other relief prayed for in the petition.

We must first consider the question of our jurisdiction. This is required even though none of the parties have questioned it. The Courts of Appeal have general appellate jurisdiction but the Supreme Court is limited to the appellate jurisdiction specifically conferred by the Constitution. Article V, §§ 3 and 13, Constitution of Missouri, 1945, V.A.M.S. It necessarily follows that our appellate jurisdiction must appear from the record made in the trial court.

There is no indication in the record that the amount in dispute is sufficient to give us jurisdiction. It is stated in each of the briefs that we have jurisdiction because the case involves title to real estate. In order to come within this constitutional provision, it is necessary that the judgment operate directly upon the title and determine title in favor of one party and adversely to another. That title may be incidentally or collaterally involved is not sufficient. Wood v. Gregory, Mo.Sup., 155 S.W.2d 168, 138 A.L.R. 142.

In considering the question of our *appellate* jurisdiction, we will disregard the fact that the land described in the option is located in Texas. If we were to hold that we did not have jurisdiction because the land in question is not located in Missouri, such would be an adjudication upon the merits. That holding would apply with equal force to the jurisdiction of all courts in this state. Therefore, in determining this question, we will consider only the type of action and the relief sought.

It appears clear to us that we do not have appellate jurisdiction in this case. As relates to the real estate, the petition discloses that the plaintiffs seek a decree cancelling the option for the sole reason that the time within which it was to be exercised has expired. This option did not in itself transfer to defendant any title or interest in the land therein described. Farmer v. Littlefield, 355 Mo. 243, 195 S.W.2d 657. An option is only a continuing offer, or at most a unilateral contract, whereby the owner of land agrees with another person that the latter shall have the privilege of buying the property, upon certain terms, within a specified time. It imposes no obligation to purchase upon the optionee. If, as we have held, the option under consideration conveyed no title to the defendant, it clearly and logically follows that this suit to cancel that option would not involve or adjudicate title to the real estate. This conclusion may be illustrated by pointing out that, in the present state of the pleadings, the record title to the premises would remain in Mont Lavelock whether the relief herein prayed for is granted or denied. It may be that when this cause is eventually tried on the merits (either in Missouri or Texas) the defendant will file some pleading which will present an issue more directly relating to the title, but no such issue is presently before us. See Oehler v. Philpott, Mo. Sup., 253 S.W.2d 179.

We are not unmindful that the prayer in the petition includes a general request that defendant be decreed to have "no further right, title, interest or estate therein." However, this does not constitute the action as one to quiet title. It is obvious that plaintiffs seek to divest defendant of any title or interest *by reason of the option*. No other interest is suggested in the petition. We do not determine the question of the jurisdiction of this court solely upon the prayer for relief, particularly where such prayer is not warranted by the facts alleged in the pleading. Brutcher v. Fitzsimmons, 343 Mo. 547, 122 S.W.2d 881; Wood v. Gregory, supra.

This court being without appellate jurisdiction, the cause is transferred to the Kansas City Court of Appeals.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.