Anna BOCK, Plaintiff-Appellant,

v.

The SHEAHAN INVESTMENT COMPANY, a Corporation, and Andrew E. Sheahan, William C. Barnett, Defendants-Respondents.

William C. BARNETT, Third-Party Plaintiff-Respondent,

v.

TITLE INSURANCE CORPORATION OF ST. LOUIS, a Corporation, Third-Party Defendant-Respondent.

No. 52091.

Supreme Court of Missouri, Division No. 2.

March 13, 1967.

A. G. Schumacher, Clayton, for appellant.

Kerth, Thies & Schreiber and Dalton W. Schreiber, Clayton, for respondents.

William C. Barnett, in pro. per.

RUSSELL H. DOERNER, Special Commissioner.

The amended petition filed by plaintiff Anna Bock in this action contained three counts. In Count I plaintiff sought an accounting of the proceeds of a $20,000 loan made to her by defendant Sheahan Investment Company and the cancellation of the deed of trust given as security for such loan. In Count II plaintiff alleged that at the time the defendants made the loan they were aware that she would be financially unable to pay it when it came due and that a foreclosure would result in the future, for which alleged wrong she sought actual damages of $10,000 and punitive damages of $25,000. And in Count III plaintiff pleaded that defendant Barnett had induced her to give him her will, and that he had failed and refused to return it on demand. The prayer was for a judgment directing him to do so forthwith. The transcript does not show that any order for a separate trial was requested or made. All that is revealed is that the equity division of the St. Louis County Cir-

cuit Court held a trial on Counts I and III and rendered a judgment and decree adverse to plaintiff, from which she has appealed.

Plaintiff, an elderly spinster, uncertain of her exact age, was the owner of a 66 acre tract of land situated in St. Louis County. It was encumbered with a first deed of trust to secure a principal note of $16,000, together with interest thereon, due January 5, 1964, held by Adolph G. Schumacher, who had been her attorney and is her counsel in this action. Prior to the due date Schumacher requested plaintiff to pay her note when it would fall due. Plaintiff thereupon engaged defendant William C. Barnett, a lawyer, to obtain a new loan for her to retire the old one. After considerable effort on his part, and on the strength of a personal guarantee by him that the interest would be paid, defendant Sheahan Investment Company agreed to make plaintiff a new loan for $20,000 to be secured by a first deed of trust on her property. The Investment Company prepared the principal note in that sum, six interest notes for $600 each, and the deed of trust to secure them, all of which were dated and signed by plaintiff on March 16, 1964. On the same day, and in connection with the closing of the loan to plaintiff, Sheahan Investment Company paid $17,233.80 to Schumacher to retire plaintiff's note and deed of trust held by him; 35¢ to release the old deed of trust; $6.40 to record the new one; $25 to the Title Company to post the certificate of title to date; and retained $400 as its loan fee. The balance of $2,344.45 was paid to Barnett, in plaintiff's presence, in accordance with the direction to that effect in the Investment Company's closing statement, which statement was explained to and signed by plaintiff at the time the transaction was completed.

Barnett's evidence showed that he had made numerous advancements on behalf of plaintiff, and that after his voluntary payment of the sum of $1440 into the registry of the court the plaintiff was actually

indebted to him in the amount of approximately $2200. The testimony of plaintiff, obviously a very confused individual of uncertain memory, was extremely vague and indefinite regarding any demand for an accounting or the return of her will, which the evidence showed she had voluntarily given to Barnett for safekeeping.

As to the deed of trust, the uncontradicted evidence was that Barnett had purchased the certificate of title from the Title Company; that when it prepared the certificate the Title Company had mistakenly included in the description of plaintiff's property an adjoining strip 46 feet wide not owned by her; and that in preparing the deed of trust to secure its loan Sheahan Investment had copied the description from the certificate. The Title Company was brought into the case by a third-party petition filed by Barnett. The uncontradicted evidence further showed that Sheahan Investment had committed the loan to the Pension Fund of Title Insurance Corporation before it was ever made, and that it was delivered to the Pension Fund on March 20, 1964. Further, that when it was learned that the description was erroneous, the Pension Fund returned the loan papers to Sheahan Investment, which executed and recorded a deed of partial release releasing the 46 feet from the encumbrance of the deed of trust, and then returned the same to the Pension Fund.

The court denied plaintiff's prayer for an accounting, pointed out that the holder of the deed of trust was not a party and denied plaintiff's request for its surrender and cancellation, and gave defendant Barnett permission to file plaintiff's will with the Probate Court.

■ In one of the assignments in her brief plaintiff contends that the court erred in attempting to enter a final judgment against plaintiff on Counts I and III for the reason that Count II, the action for damages, remains undisposed of and untried. As stated, no order for a separate trial on Counts I and III was made. Nor did the court, in its judgment and decree,

specifically designate that its judgment on those counts should be deemed a final judgment for purposes of appeal within the meaning of Section 512.020 RSMo 1959, V.A.M.S. See Civil Rule 82.06, V.A.M.R. Of course, if the court's judgment on Counts I and III is not a final judgment on those counts then plaintiff's appeal is premature and should be dismissed. Dudeck v. Ellis, Mo., 376 S.W.2d 197; Readenour v. Motors Ins. Corp., Mo., 297 S.W.2d 554. We are also confronted with a motion by defendant Barnett to dismiss plaintiff's appeal on the ground that her brief fails in numerous respects to comply with the requirements of Civil Rule 83.05. Our first concern, however, is with our jurisdiction to entertain this appeal, for if we are without jurisdiction it follows that we may not pass on the finality of the judgment or the motion to dismiss, much less consider the merits of the appeal. All of the parties assert and agree that we have jurisdiction because the amount involved exceeds $15,000, and because title to real estate is involved. Nevertheless, jurisdiction of an appeal cannot be conferred on the Supreme Court by the agreement or consent of the parties; and it has the duty to determine the question of its jurisdiction sua sponte. Mack v. Mack, Mo., 281 S.W.2d 872; Wartenbe v. Car-Anth Mfg. & Supply Co., Mo., 353 S.W.2d 570.

■ It is claimed that the amount involved is $20,000, since in Count I plaintiff sought an accounting of the proceeds of the loan to her of that sum. However, our jurisdiction is not determined by the amount of money *involved* but instead by the amount *in dispute*. Powers v. Johnson, Mo., 302 S.W.2d 899, 901. Both in her petition and in her opening statement plaintiff conceded that the sum of $17,233.80 out of the proceeds of the $20,000 loan had been properly paid to Schumacher to retire the prior loan held by him, and further conceded that an accounting was sought only for the difference. At most, therefore, the amount in dispute under Count I does not exceed $2800. Defendant Barnett also asserts that

the amount in dispute exceeds the minimum required because in Count III plaintiff prayed for the return of her will, and the evidence showed that the real estate devised by that instrument was worth $100,000. But the only relief plaintiff sought was the return of the paper writing. And where the object of the suit is to obtain relief other than a money judgment, the amount in dispute for jurisdictional purposes is determined by the value in money of the relief to the plaintiff, or the loss to the defendant, should relief be granted, or vice versa, should relief be denied. Nichols v. Reorganized School Dist. No. 1 of Laclede County, Mo., 364 S.W.2d 9. Whatever may be the value of plaintiff's land, the will itself has no intrinsic value, nor was there any economic benefit to be gained by the plaintiff or lost by the defendant arising out of the determination of its possession and control. Powers v. Johnson, supra. It is therefore obvious that the actual amount in dispute is far less than the amount necessary to vest appellate jurisdiction in this court. Vannorsdel v. Thompson, Mo., 315 S.W.2d 121.

■■■ It is likewise asserted that title to real estate is involved because in Count I plaintiff prayed for the surrender and cancellation of the deed of trust given to secure the $20,000 loan to her. Presumably the parties seek to establish jurisdiction under the void ab initio line of decisions, as distinguished from those instances in which the original validity of a deed of trust is not attacked but cancellation is sought because of some event occurring subsequent to execution. Compare Cobble v. Garrison, Mo., 219 S.W.2d 393 and Boesel v. Perry, Mo., 262 S.W.2d 636. But as was said in Fisher v. Lavelock, Mo., 282 S.W.2d 557, 560: " * * * We do not determine the question of the jurisdiction of this court solely upon the prayer for relief, particularly where such prayer is not warranted by the facts alleged in the pleading. * * *" And where the prayer seeks relief not warranted by the facts pleaded, jurisdiction is in the court of appeals. Wood v. Gregory, Mo., 155 S.W.2d 168, 138 A.L.R. 142; Brutcher v. Fitzsimmons, 343 Mo. 547, 122 S.W.2d 881. The pleadings and the evidence conclusively show that plaintiff intended to give a valid deed of trust on the property owned by her as security for the $20,000 loan, and that the 46 foot strip was included therein as the result of the mistake made by the title company in preparing the certificate of title. As to the land she did own, the deed of trust is, therefore, a good and subsisting lien. Federal Land Bank of St. Louis v. McColgan, 332 Mo. 860, 59 S.W.2d 1052; Presnell v. Headley, 141 Mo. 187, 43 S.W. 378. If all necessary and proper parties were before the court the plaintiff might be entitled to a reformation of the instrument, so as to delete therefrom the strip not owned by her, but under the pleadings and the evidence she would not be entitled to a cancellation of the deed of trust. Fancher v. Prock, 337 Mo. 1119, 88 S.W.2d 179; Presnell v. Headley, supra. Such reformation would not affect title to real estate in the jurisdictional sense, for neither the plaintiff, the defendants, nor the holder of the deed of trust, would thereby be either divested of or acquire title to the strip of land erroneously included. Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S.W.2d 771. Wolf v. Miravalle, Mo., 372 S.W.2d 28.

For the reasons stated the cause is transferred to the St. Louis Court of Appeals.

PER CURIAM.

The foregoing opinion by DOERNER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.